# Samuel Weakland et al., Plffs. in Err., v. Augustine V. Cunningham et al.

In a deed of land, a reservation as follows: "Excepting the profits of one half of all the stone, coal, and of all other kinds of mineral which may be discovered at any time hereafter," is a reservation of the corpus of all such coal and mineral in place.

(Decided November 1, 1886.)

Argued October 11, 1886, before GORDON, TRUNKEY, STER-RETT, GREEN, and CLARK, JJ. October Term 1886, No. 24, W. D. Error to the Common Pleas of Cambria County to review a judgment on a verdict for plaintiffs in an action of ejectment. Affirmed.

This action was brought by James Cunningham and Henry Byrne and wife to recover the undivided one half of a certain seam of coal 4½ feet in thickness, and the undivided one half of the lime stone of about 4 feet in depth, contained in a certain tract of land described in the writ. Before the trial James Cunningham died, and his heirs were substituted in his place.

The following facts appeared at the trial before JOHNSTON, P. J.:

October 30, 1845, the premises on which the minerals in question are located were conveyed by John Murray to William Weakland. Shortly thereafter William Weakland conveyed the same land to his brother, Samuel Weakland, by deed containing the following reservation: "Excepting the profits of the one half of all the stone, coal, and all other kinds of minerals which may be discovered at any time hereafter."

The will of William Weakland, dated April 15, 1877, and probated May 20, 1878, provided as follows: "It is further my will and desire that the mineral right which I reserved out of the real estate I sold my brother, Samuel Weakland, be sold and disposed of at the same time my personal property is disposed of." Under this clause in the will plaintiffs purchased such right, and brought this action to recover possession thereof. The defendants succeeded to the title of Samuel Weakland in the

lands in question by various deeds, and were in possession when this action was brought.

The plaintiffs contended that the exception in the deed amounted to a reservation of one half of the *corpus* of the stone, coal, and other mineral, while defendants contended that it only entitled the successors of William Weakland to "one half the profits" of such coal and minerals when mined, and would require them to account for such proportion of profits. The court reserved this point on the trial.

Defendants *inter alia,* presented the following points:

1. That no connection having been shown between the James Cunningham mentioned in deed from executors to William Weakland, offered in evidence, and the plaintiffs now on the record, there can be no recovery in this case.

*Ans.* We decline to affirm this point.

2. That the terms of the reservation in the deed from William Weakland to Samuel Weakland, to wit: "Excepting the profits of one half of all the stone, coal, and of all the other kinds of mineral which may be discovered at any time hereafter," must be "so construed as to have the meaning most against the grantor," the said William Weakland, and that said reservation does not amount to a reservation of the *corpus* or body of coal *in situ,* but only of a right to share equally in the profits of such coal and mineral when mined; and, therefore, the verdict must be for the defendants.

*Ans.* Gentlemen, this point raises the most important question in the case, and is purely a question of law. The question raised is whether William Weakland, or those now holding under him, obtained a title to the coal and limestone as it remains in place, in bulk, in land; or whether, as his deed says, he is only entitled to the profits of such coal or limestone. That is a point which is not submitted for your consideration, but which is reserved by the court to be passed upon; and you will proceed to examine the case and render your verdict without regard to that question, leaving that as a question for the court, to be decided afterward.

If you find for the defendants, that question is disposed of; if you find for the plaintiffs, it remains as a legal question, and upon that we can enter judgment for the defendants notwithstanding your verdict.

The jury rendered a verdict for the plaintiffs, upon which the

court subsequently directed judgment for plaintiffs on the reserved point; and defendants took this writ, assigning as error the answers of the court to defendants' first and second points.

*John P. Linton* and *A. V. Barker,* for plaintiffs in error.—If there is ambiguity in the deed from William Weakland it must be construed most strongly against him. 2 Wharton, Contr. 670; Beeson v. Patterson, 36 Pa. 24; White v. Smith, 33 Pa. 186, 75 Am. Dec. 589; Whitaker v. Brown, 46 Pa. 199.

A controlling distinction between the case now before the court, and all others in which the *dicta* of judges seem to favor the construction contended for by plaintiffs below, is the fact that in this case only a portion, *viz.,* one half of the profits of the mineral, is reserved. Caldwell v. Fulton, 31 Pa. 485, 72 Am. Dec. 760.

*George M. Reade,* for defendants in error.—A grant or devise of the profits of land will pass the fee of the land itself. Shep. Touch. 93; Co. Littt. 4, *b;* Green v. Biddle, 8 Wheat. 76, 5 L. ed. 566; Bally v. Wells (1769) 3 Wils. 30; Schriver v. Cobeau, 4 Watts, 130, 131; Drusadow v. Wilde, 63 Pa. 170; Frances Estate, 75 Pa. 220, 221, 224; Carlyle v. Cannon, 3 Rawle, 489, 492; Caldwell v. Fulton, 31 Pa. 479, 72 Am. Dec. 760.

Coal and minerals in place are land and subject to conveyance as such. Comyn v. Kynet, Cro. Jac. 150; Co. Litt. 4, *b;* Turner v. Reynolds, 23 Pa. 199; Scranton v. Phillips, 94 Pa. 15; 2 Bouvier, Law Dict. 472, last ed.; Reed v. Reed, 9 Mass. 372; St. Clair Coal Co. v. Hughes, 12 Pittsb. L. J. N. S. 421; Cathcart v. Bowman, 5 Pa. 319.

PER CURIAM.

The reservation found in the deed of the 10th of March, 1847, William Weakland to Samuel Weakland, stated therein as follows: "Excepting the profits of one half of all the stone, coal, and of all other kinds of mineral which may be discovered at any time hereafter," was properly held by the court below to be a reservation of the *corpus* of all such coal and mineral in place.

The judgment is affirmed.