## PHILIP REICH vs. L. W. ENGELHARDT.

### Syllabus.

The Board of Control for the New Basin Canal and Shell Road is a State functionary and as such is not subject to garnishment proceedings.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 109,823. Honorable Porter Parker, Judge.

W. S. Lewis, for plaintiff and appellee.

R. G. Pleasant, attorney general.

H. Gambel, Dan'l. Wendling, for appellants.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff obtained a judgment against the defendant for a sum of money. He issued execution and garnished the Board of Control for the New Basin Canal and Shell Road. The interrogatories were served upon the president in person. Upon the failure of the garnishee to answer, judgment was entered against it. The garnishee has appealed and assigns as error:

1st. That the petition and interrogatories served upon it is in effect a suit against the State, which cannot be sued.

2nd. That the Legislature which created it did not authorize suit to be brought against it.

3rd. That it is against public policy for said Board to be made garnishee inasmuch as it is discharging governmental duties and functions and should not be

hampered by garnishment proceedings, seizing of funds in its hands and thus crippling it in the administration of its duties.

We find it unnecessary to pass upon the first and second objections, as we have reached the conclusion that the third is well made.

The New Basin Canal and Shell Road is owned and operated by the State. It is administered, under Act 144 of 1888, p. 199, by a board composed of five members appointed by the Governor. Section 15 provides, "that the moneys arising or accruing to the New Basin Canal and Shell Road from tonnage, towage, tolls on the Shell Road or from any other source whatever shall be known and designated as the New Basin Canal and Shell Road fund and which shall be kept separate from all other funds of the State," etc.

Section 18 provides that the salary of all employees of said Canal, and all the expenses for machinery, and materials for repairs and improvements shall be paid for out of the fund created by Section 15.

This stamps the Canal as public property and its revenues as public money dedicated for public purposes.

The garnishment proceedings in this case, if maintained, would operate as a seizure of such money and a diversion to purposes other than the public uses intended by the law. It has long been decided that public money used for public purposes could not be seized by garnishment or otherwise.

> 1 A., 435; 6 A., 570; 7 A., 148; 42 A., 927; 36 A., 340.

The Board of Control of the New Basin Canal and Shell Road is a State functionary and as such is not subject to garnishment proceedings.

> 3 R., 373; 18 Am. Dec., 194; 20 Cyc., 988, 990.

— 305 —

It is therefore ordered that the judgment of the Court below be reversed and that there be judgment in favor of the garnishee the Board of Control of the New Basin Canal and Shell Road and against the plaintiff, Philip Reich, dismissing his supplemental petition and garnishment and releasing the seizure effected thereby at his cost in both Courts.

Opinion and decree, June 30th, 1915.