No. 18,109.

ALICE B. CORLETT, ET AL. *v.* MARK T. COX III.
(339 P. [2d] 619)

Decided December 15, 1958.   Rehearing denied January 12, 1959.

M. John H. Tippit, Mr. Philip G. Dufford, for plaintiffs in error.

No appearance for defendant in error.

Messrs. Gorsuch, Kirgis, Campbell, Walker & Grover, Messrs. Moran, Lennartz, Reidy & Voorhees, Mr. Robert Lewers, Mr. John R. Bermingham, Messrs. Holme, Roberts, More & Owen, Messrs. Holland & Hart, Mr. Richard P. Cullen, Messrs. Akolt, Turnquist, Shepherd & Dick, Mr. V. P. Cline, Mr. Arthur Thad Smith, Mr. Clyde O. Martz, Messrs. Hodges, Silverstein, Hodges & Harrington, Mr. Howard M. Gullickson, Mr. Alfred W. Mitchem, *Amici Curiae.*

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court plaintiffs in error were defendants and defendant in error was plaintiff. We will refer to the parties as they there appeared, or by name.

Plaintiff filed a complaint under Rule 105, R.C.P., against defendants and adjudication of the rights of the parties with respect to certain real estate; and for a decree quieting plaintiff's title to the land in question. It is conceded that at the time the action was instituted Carl A. Holcomb was deceased; that his sole heirs at law were defendants Alice B. Corlett and Edna Holcomb McLaughlin. The last two named defendants put in issue the allegations of the complaint and by way of a counterclaim alleged that they are the owners and in possession of an estate created by the following reservations contained in that certain warranty deed from Carl A. Holcomb, grantor to Laura Carmack Brazelton, grantee, dated July 17, 1928, and duly recorded in the office of the clerk and recorder of Weld County, Colo-

rado, on July 19, 1928: "It is however further agreed and distinctly understood that Carl A. Holcomb hereby reserves six and one quarter per cent $6\frac{1}{4}\%$ of all gas, oil and minerals that may be produced on any or all the above mentioned land, or in other words reserves $\frac{1}{2}$ of the usual $\frac{1}{8}$ royalty. It is also agreed that the party of the second part is to pay the taxes for 1927 and thereafter shall also be privileged to collect rents for 1928." The quoted language follows the habendum clause in the deed. Following the warranty clause in the deed, there appears: "Excepting the $6\frac{1}{2}$ per cent of the Gas, Oil etc. mentioned above which is reserved as above stated as part of the payment of said land." It was agreed that the last quoted exception was intended to read "$6\frac{1}{4}$ per cent" rather than "$6\frac{1}{2}$ per cent."

Defendants Corlett and McLaughlin alleged that "plaintiff claims some right title or interest in and to the above described interest in real estate adverse to these defendants and that such claims of plaintiff are without foundation or right." Defendants Corlett and McLaughlin prayed that they be adjudged the owners in fee simple of the real estate by such reservation in the Holcomb deed, and for all proper relief.

Trial was to the court on a stipulation of facts which provided: "That Carl A. Holcomb is deceased and a decree of heirship was entered by the county court of the city and county of Denver, Colorado in the matter of the estate of Carl A. Holcomb finding and determining that Alice B. Corlett and Edna Holcomb McLaughlin were and are the sole and only heirs at law of said Carl A. Holcomb, deceased; that prior to July 17, 1928 Carl A. Holcomb was the fee owner of the surface and mineral rights in and to the land mentioned in the complaint; that he on said date executed a warranty deed in favor of Laura Carmack Brazelton with the reservations set forth in the defendants' counterclaim; that at said time no oil and gas lease was outstanding against said land; that on September 4, 1931 Laura Carmack Brazel-

328

ton executed a deed of trust to the Public Trustee of Weld County, Colorado for the use of C. R. Willier; that said deed of trust was foreclosed and a public trustee's deed was thereafter issued in favor of Mark T. Cox, III, plaintiff, which public trustee's deed contained the following exception: 'Except reservations in the United States Patent and in Deed recorded in Book 861, page 30 of the Clerk and Recorder's records in said Weld County, which exceptions were set forth in the deed of trust under which this foreclosure is made;' that the deed in Book 861, page 30 is the deed by which Laura Carmack Brazelton acquired title from Carl A. Holcomb; that there has been no production of oil, gas or other minerals from the land in question, and at least one dry hole was drilled on the land in the year 1954 by a lessee who obtained separate leases from the plaintiff Cox and defendants Corlett and McLaughlin. It was further stipulated that the sole issue to be decided by the court in this matter is the nature and quantity of the rights and estate, if any, of the plaintiff and the defendants Corlett and McLaughlin."

The trial court found that the reservation in the Holcomb deed reserved to him a 1/16 interest in the mineral fee estate and that "said interest is owned by the defendants Alice B. Corlett and Edna Holcomb McLaughlin."

The trial court decreed that plaintiff Cox was the owner of the surface of said lands and that the "Minerals, including the right to lease, receive bonus, delay rentals, and exercise all other proprietary and executive rights thereunder" were owned as follows: Mark T. Cox III: 15/16 and Alice B. Corlett and Edna Holcomb McLaughlin: 1/16.

From the judgment and decree so entered defendants bring the case here on writ of error.

■ The modern conception of conveyancing seeks to ascertain the intent of the grantor from a consideration of the entire instrument, without regard to the position of the several clauses and, in order to give effect to such

intent, when ascertained, an exception may be construed as a reservation, and vice versa. The sole issue in this case may be simply stated. Does the Holcomb-Hamilton deed reserve an estate in fee simple to 1/16% of the oil and gas under the land in question, as found by the trial court, or do these words merely reserve the right to share in such oil and gas after it has been severed from the land and reduced to possession?

It is conceded that the trial court based the decision in this case on *Simson v. Langholf,* 133 Colo. 208, 293 P. (2d) 302, decided by this court February 6, 1956. Counsel for plaintiff contend that we should overrule our holding in the Simson case, supra, and announce that by the Holcomb-Brazelton deed the grantor reserved a perpetual nonparticipating royalty interest with a beneficial yield of 6¼%. In *Simson v. Langholf,* supra, the instrument construed by this court provided: "That for and in consideration of one per cent (1%) of all oil and/or gas produce saved and marketed from those certain lands covered by oil and gas prospecting permit * * *, John M. Simson has hereby assigned and set over to W. A. Simson forty nine per cent (49%) of all oil and/or gas that may be produced, saved and marketed from his lands in Jackson County, Colorado * * *."

We there held " * * * that the trial court erred both in its findings of fact and conclusions of law and that the instrument involved had the legal effect of, and is, a conveyance in fee simple from John M. Simson to the plaintiff of 49% of all oil and gas in situ, or in place, under the described realty; that the plaintiff is entitled to all of the rights that flow from such title in fee simple, and that an estate in realty was created in the grantee."

In *Marias River Syndicate v. Big West Oil Co.,* 98 Mont. 254, 38 P. (2d) 599, the deed under consideration contained the following provision: "Reserving unto the said parties of the first part a 12½ per cent interest and royalty in and to all oil and gas and other minerals of whatsoever nature, found in or located upon or under

said land or premises above described, or that may be produced therefrom." It was there held that whether such a provision was an exception or reservation had to be determined by ascertaining the intent of the grantor from a consideration of the entire instrument without regard to the position of the several clauses, and to give effect to such intent an exception will be construed as a reservation, and vice versa. It was also held that the provision above quoted was an exception and that separate interests in oil and gas were thereby created, and that the owners of respective interests became owners of oil and gas as tenants in common. The Marias River case was not overruled in *Rist v. Toole County,* 117 Mont. 426, 159 P. (2d) 340, as contended by counsel for plaintiffs in error. In fact, it was affirmed. The Supreme Court of Montana in the Rist case, supra, said regarding the Marias case: "This court therefore correctly decided that the effect of the reservation could not be narrowed by that phrase, or by the use of the word 'royalty.' It said in conclusion on this point:

" 'This reservation or exception in effect legally and successfully severed the 12½ per cent interest in the oil and gas and other minerals in and under the land from the residue of the oil, gas and mineral surface rights conveyed to the grantee in the deed in question. Separate interests in the oil and gas were thereby created, and the owners of these respective interests became the owners of the oil and gas as tenants in common.' "

■ It is undisputed that at the time of the conveyance here under consideration no oil or gas lease on the premises was in existence. In 1954 a lease was entered into and exploration resulted in a dry hole. It is significant to note that when the 1954 lease was entered into the lessors were Cox, Corlett and McLaughlin. Where the conduct of the parties is relied upon as showing the practical construction which they have placed upon the contract, such conduct must be harmonious, uniform and free from ambiguity. By their conduct the

parties placed a practical interpretation on the contract here considered.

We cannot ignore the language which follows the warranty clause in the deed which reserves the 6¼ per cent "of the gas, oil, etc. mentioned above which is *reserved as above stated, as a part payment of said land.*" (Emphasis supplied.)

▪ The intention of the parties to a deed is to be ascertained, if possible, from its language, not as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety.

In *Simson v. Langholf,* supra, this court said: "A review of the authorities indicates that under the evidence in this case, there being no oil or gas lease in existence at the time of conveyance or reservation, the words of the grant or reservation 'assigned and set over' are such as to convey a partial interest in the minerals in perpetuity, and an estate in fee simple is thus created." We see no reason to depart therefrom, and decline to follow cases from other jurisdictions which hold otherwise.

*Toothman v. Courtney,* 62 W. Va. 167, 58 S.E. 915, is a well-reasoned case and we believe decisive of the present inquiry. There Toothman had conveyed a tract of land, subject to an oil and gas lease, upon which had been drilled twelve producing wells. Toothman in his deed made the following reservation: "Party of the first part reserves all the oil rental * * *." The West Virginia Court decided that Toothman had reserved oil in place, stating: "Though he did not reserve by name the oil in place or any part of it, his reservation of all the rental or royalty to be derived from it compels the court to hold, by construction of the instrument, that it vests in him the title to that thing, the beneficial use whereof has been reserved * * *." The West Virginia Court cites the case of *Weakland v. Cunningham,* 3 Sad. Pa. 519, 7 Atl. 148, in which it was held as follows: "The following reservation in a deed: 'Excepting the profits of one-half of all the stone, coal and of all other kinds of mineral,

which may be discovered at any time hereafter' is a reservation of the corpus of all such coal and mineral in place." The writer of the Toothman opinion states: "If there has been no lease on the land, I would be of the same opinion, for a reservation of all possible benefit of the oil is tantamount to a reservation of the corpus thereof." See, also, *Paxton v. Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S.E. 472; *Mandle v. Gharing,* 256 Pa. 121, 100 A. 535; *Burns v. Bastien,* 174 Okla. 40, 50 P. (2d) 377; *Hinkle v. Gauntt,* 201 Okla. 432, 206 P. (2d) 1001.

In *Pease, et al. v. Dolezal, et al.,* 206 Okla. 696, 246 P. (2d) 757, the Supreme Court of Oklahoma concluded that the deed there construed reserved an undivided 1/16th of the mineral rights and was not a royalty interest. It is significant to note that an important factor there considered was that the land was not subject to an oil and gas lease at the time it was conveyed. The court said: "In the instant case, as pointed out in *Wilson v. Olsen,* 167 Okla. 527, 30 P. (2d) 710, there was at the time of the conveyance by Pease no oil and gas lease upon the property, and in a strict sense there were no royalty rights to reserve or deal with in any manner."

In *McCall v. Nettles,* 251 Ala. 349, 37 So. (2d) 635, we find: "The question argued by counsel for both sides is whether a proper interpretation of the deeds executed by the grantors, who are appellants, except from their operation an interest in the property so conveyed. The clause is as follows:

" 'The grantors further except from this conveyance and reserve unto themselves, their heirs and assigns forever, fifty per centum (50%) of all rentals that may be derived from coal, oil, gas or other mineral leases in and to said lands hereinabove described, and fifty per centum (50%) of all royalties, whether in kind or money, that may be derived therefrom.' * * *

"Unless there is something brought out in a further trial of this case which would change the result, we think that the deeds reserve an interest in the minerals them-

selves as they are imbedded in the ground before there is an effort to extract them."

The Supreme Court of Illinois in *Miller v. Ridgley*, 2 Ill. 2nd 223, 117 N.E. 2d 759, held that the words "all oil rights reserved to the grantors and subject to existing leases," reserved to the grantors rights to oil in place.

In discussing the question here presented, the United States Circuit Court of Appeals, 7th Circuit, in *Vandenbark v. Busiek*, 126 F. 2d 893, said:

"While under the law the term 'royalty' is not synonymous with the thing for which the royalty is paid, nevertheless under the decisions cited, with which we find no conflict in the Illinois cases, the reservation of a perpetual interest in the royalty has the effect of reserving the thing for which the royalty is paid. Hence, by the deed of December 16, the grantors reserve for their own use and disposition a three-fourths interest in the oil and gas in place which they were at liberty to deal with as they saw fit."

■ An estate in oil and gas may be severed from the remainder of the realty, and as severed owned in fee simple. *Mitchell v. Espinosa*, 125 Colo. 267, 243 P. (2d) 412.

Perceiving no error in the holding of the trial court, the judgment is affirmed.