No. 19,498.

MAC CLEVENGER v. THE CONTINENTAL OIL COMPANY.
(369 P. [2d] 550)

Decided March 5, 1962.   Rehearing denied March 26, 1962.

Messrs. STINEMEYER & STINEMEYER, Mr. ROGER M. BREYFOGLE, for plaintiff in error.

Mr. A. T. SMITH, Mr. GORDON H. MAYBERRY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

IN this action we are called upon to determine the rights of the parties in and to oil and gas which may lie beneath real estate particularly described in the indenture which gives rise to the respective claims of the parties.

The question for determination is clearly presented by the instrument under which the parties claim and no good purpose would be served by a detailed statement of facts concerning which there is no dispute. We are concerned only with the legal effect of the following language contained in the instrument upon which each of the parties rely. That language is as follows:

"This Indenture, made and executed this 16th day of September, A. D. 1887, between Nathaniel P. Hill of the city of Denver and State of Colorado, of the first part and The Colorado Oil Trust Company, a corporation of the state of Colorado, of the second part, Witnesseth: The party of the first part, for and in consideration of the sum of One Dollar ($1.) lawful money of The United States to him in hand paid by the party of the second part, and other good and sufficient consideration, the receipt whereof is hereby acknowledged and confessed, doth *hereby grant and convey to said The Colorado Oil Trust Company, its successors and assigns, the exclusive and perpetual right to dig and bore for oil and gas*

[]

in and upon the following described lands and real estate lying and being in the counties of Fremont and Pueblo and state of Colorado, to wit:

(Description of Real Estate)

"*Together with the exclusive and perpetual right to remove and carry away from the said premises all oil and gas produced thereon,* and in connection with the prospecting for and production of such oil and gas the party of the *first part does hereby grant unto the party of the second part its successors and assigns,* the right and privilege of erecting and maintaining on and removing from said premises such derricks, pumps, tanks, buildings, pipes and conduits together with other machinery apparatus or improvements necessary or proper to be used in prospecting for, producing or removing oil and gas from the said premises; subject however to the following conditions:

"First: That the party of the second part, its successors or assigns, shall not in the construction or erection of any such buildings, machinery, pipes or other improvements on the said premises permit any lien or encumbrance to attach to any part of the said premises or any interest therein.

"Second: That no such buildings, machinery, pipes or other apparatus or improvements shall be made by the party of the *second part, its successors or assigns,* upon the said premises so as to interfere with or injure any buildings or structures at any time erected upon the said premises or any part thereof by said first party, his heirs or assigns.

"Third: *That the grantee, its successors and assigns,* shall annually pay and discharge, when due and payable, all taxes and assessments, assessed or levied against any or all of said lands or premises in excess of the taxes levied or assessed against other lands in said county, of a similar character and similarly improved, valuable only for agricultural and grazing purposes, and shall in like manner pay and discharge all taxes assessed against

said premises on account of improvements made thereon *by the second party, its successors or assigns.*

"Which conditions the party of the second part hereby accepts.

*"To have and to hold all and singular the above granted exclusive perpetual rights and privileges, subject to the above specified conditions unto the said The Colorado Oil Trust Company, its successors or assigns, forever.*

"In witness whereof, *the party of the first part has hereunto set his hand and seal* the day and year first herein written.

(Signed) "Nathaniel P. Hill (SEAL)"
(Emphasis supplied.)

■ Oil, gas and other mineral rights in lands may be severed and held by other than the owner of the surface, and a fee simple title thereto may vest in the person to whom said rights are granted. *Corlett v. Cox,* 138 Colo. 325, 333 P. (2d) 619; *Mitchell v. Espinosa,* 125 Colo. 267, 243 P. (2d) 412.

If we construe the language contained in the above quoted indenture to vest in the named grantee an outstanding fee title in the oil and gas deposits beneath the described real estate, then the judgment of the trial court should be affirmed. If, however, the said language is construed to grant to The Colorado Oil Trust Company no more than a license "to dig and bore for oil and gas" in and upon the described real estate, then the judgment of the trial court should be reversed.

■ C.R.S. '53, 118-1-7 provides: *"Estate granted deemed fee simple unless limited.* Every estate in lands which shall be granted, conveyed or devised to one, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to be granted, devised or conveyed by operation of law." We have underscored portions of the written instrument involved

in this case, the cumulative effect of which requires a holding that a vested fee simple title was created in the grantee named in the indenture.

The instant case is distinguishable from *Radke v. Union Pacific Railroad Company*, 138 Colo. 189, 334 P. (2d) 1077. The difference in the language there employed and that appearing in the instant case is readily apparent. We have the further significant fact that in the *Radke* case the dispute arose over the construction to be given reservation of mineral rights in a deed; whereas in the instant case we are concerned with a direct grant of oil and gas rights. If ambiguity exists in the terms of an instrument creating an interest in real estate, the construction thereof must favor the grantee. Thompson on Real Estate, Vol. 6, Sec. 3486.

In *Radke v. Union Pacific*, supra, the majority opinion and the dissent contain references to numerous authorities bearing on the question. We deem it sufficient for the present purpose to direct attention to *Simson v. Langholf*, 133 Colo. 208, 293 P. (2d) 302, from which we quote the following:

"Where the conveyance or reservation, as the case may be, consists of an interest in perpetuity to all the oil and gas minerals that may be extracted, the conveyance or reservation is a grant or reservation of the minerals in fee simple with the attributes and rights that go with such ownership, including the right to enter upon the land for exploration of oil, participation in delay rents, bonuses and leasing."

We agree with the conclusion of the trial court and the judgment accordingly is affirmed.

MR. JUSTICE PRINGLE not participating.