506 P.2d 1236 (1973)
Ella C. PROCTOR, also known as Ella Proctor, Plaintiff-Appellant,
v.
William K. GRAHAM, the unknown Heirs, Legatees and Devisees of William K. Graham, et al., Defendants-Appellees.
No. 72-101.
Colorado Court of Appeals, Div. I.
February 27, 1973.
*1237 Charles A. Redpath, Jr., Denver, for plaintiff-appellant.
West & Winters, William L. West, Greeley, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
This quiet title action was initiated by plaintiff-appellant, Ella C. Proctor, to determine the ownership of mineral rights underlying the surface of lands belonging to plaintiff. The trial court held that plaintiff did not own the mineral rights since an exception in a deed granted by one of plaintiff's predecessors in title kept them from passing ultimately to plaintiff. Title to the mineral rights was quieted in defendants who are heirs or devisees of the excepting grantor. We affirm.
The property in question is located in Weld County and was patented during the last century to the Union Pacific Railway Company for the purpose of aiding the construction of a transcontinental railroad and telegraph line. In 1885 Union Pacific sold the property but expressly reserved the rights to all coal underneath the surface of the land. A series of conveyances subsequently took place eventually resulting in the deed which gives rise to the issues in this case. On June 21, 1916, Salena V. Ernest conveyed the property to Anna E. Shirer. A standard printed form warranty deed was used, and it contains the necessary detailed legal description typewritten in the space provided in the granting clause. Immediately following the last typewritten word in the legal description is a handwritten asterisk. On the left margin of the deed is another asterisk with the following handwritten words extending up the margin of the deed but beginning no lower than the bottom of the granting clause:
"Also excepting therefrom deeded rights of way to the Union Pacific R. R. Company evidenced by deeds of record in book 305 at page 110 and book 325 at page 487, in the office of the County Clerk and Recorder of Weld County, Colorado. Also excepting all minerals of any kind underlying any of said property." (Emphasis supplied.)
Subsequent deeds in the chain of title contained in their granting clauses the same exception of all minerals. Plaintiff, daughter and sole devisee of the last grantee, has been the undisputed owner of the surface rights since 1941.
The critical issue for appellate determination is whether the trial court erred in *1238 its construction of the term "excepting." Plaintiff contends that the words "exception" and "reservation" have distinct and separate meanings, especially in the field of oil and gas law, and that the exception in this case was merely to protect Ernest, the grantor, from being sued on her warranty of title. Plaintiff argues that the language of exception pertained only to the withholding of warranty on whatever mineral rights were not owned by Ernest, and that those rights related only to coal which had been originally retained by Union Pacific. Thus, under plaintiff's theory, all title in both surface and mineral rights that Ernest had at the time of her conveyance would have passed completely to Shirer and subsequently to plaintiff.
It is undisputed that there are technical distinctions between "an exception" and "a reservation." What is disputed is whether or not one of the two words can be used and have the meaning of the other word applied to it.
Generally, an "exception" withholds from a conveyance an estate or interest in the land conveyed which has previously been severed and usually is not owned by the grantor. On the other hand a "reservation" withdraws from the land conveyed a new and independent right or estate which is retained by the grantor. Brown v. Kirk, 127 Colo. 453, 257 P.2d 1045; 23 Am.Jur.2d Deeds, § 262. Although the technical distinction may be significant, the use of one of the terms rather than the other is not conclusive of the nature of the conveyance. In practice they are often used interchangeably. The majority rule in regard to the construction of "exception" or "reservation" is to the effect that the definition of the word used will not control, but that the word will be given a fair and reasonable interpretation looking to the intention of the parties. 23 Am.Jur.2d Deeds § 274. Our Supreme Court has declared that the modern conception of conveyancing looks to the intent of the grantor from a consideration of the entire instrument, and when that intent is ascertained, "an exception may be construed as a reservation, and vice versa." Corlett v. Cox, 138 Colo. 325, 333 P.2d 619. Evidence of intent can be ascertained by determining whether a limitation was placed in the granting clause of a deed or in the warranty clause. See First National Bank v. Allard, Colo.App., 506 P.2d 405. (announced October 31, 1972.) We hold that in the construction of deeds, the use of the word "excepting" in the granting clause either recognizes a previous severance of an estate in the land or, as in this case, creates a presumption that the grantor intended to accomplish what is technically done only by reserving.
It is clear from an examination of the deed in question that, but for the use of the word "excepting," the intent of the grantor was to reserve all mineral rights in herself since the limitation carefully is included only in the granting clause. It cannot be said that the grantor overlooked the import of the warranty section of the deed. She used that section to affirmatively except a trust deed that was outstanding.
The other alleged errors have been considered and we find no merit in them.
Judgment affirmed.
COYTE and SMITH, JJ., concur.