575 P.2d 866 (1978)
J. K. OSBORNE and Ida M. Osborne, Plaintiffs-Appellants,
v.
James L. HOLFORD, Katie Read, Luigi Sarti, Max E. Read, Howard Read, Henry R. Read, the State of Colorado, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees.
No. 77-071.
Colorado Court of Appeals, Div. I.
February 2, 1978.
*867 Predovich & Ward, Donald J. Banner, Pueblo, for plaintiffs-appellants.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Felipe V. Ponce, Asst. Atty. Gen., Denver, for defendant-appellee State of Colo.
No appearance for the other defendants-appellees.
PIERCE, Judge.
Plaintiffs, J. K. and Ida M. Osborne, brought this action under C.R.C.P. 105, seeking to quiet their title in certain oil, gas, and mineral interests. The trial court found instead that defendant James L. Holford was the rightful owner of the subsurface interests, and it quieted title in him. Plaintiffs appeal. We affirm the trial court to the extent that it found plaintiffs had no claim to the subsurface, but reverse that portion of the judgment which quieted title in Holford.
The real property in question was originally conveyed to Holford in 1910 by U.S. government patent. The patent reserved all of the coal and certain rights-of-way in the property to the United States. Holford conveyed this estate to Katie Read in 1911. The Read-Holford deed described the subject estate as "all of the surface" of the described property. The words "the surface" were typed in as additions to the form deed.
The property then passed from Read to three more successors, the last being the plaintiffs. Each deed in this chain described the estate as "the surface." The plaintiffs brought this action under Rule 105 to quiet their title to the subsurface, naming Holford, Read, and the two intermediate predecessors as defendants. The trial court joined the State of Colorado as a defendant, on the theory that if Holford died intestate, and without heirs, the property might escheat to the State under § 15-11-105, C.R.S.1973.
Each of the named defendants, except the State, failed to appear in the action below. Trial was to the court, which found that plaintiff had good title only to the surface estate, since the surface and subsurface had been severed by the Read-Holford deed in 1911. The court then quieted title to the subsurface (minus the coal reserved by the United States) in Holford.

I.
Plaintiffs claim the trial court erred in concluding that a severance had occurred. We disagree.
Rights in oil, gas, and minerals can be severed from surface rights, and the two interests may be separately conveyed. Simson v. Langholf, 133 Colo. 208, 293 P.2d 302 (1956); Brian v. Valley View Cattle Ranch, Inc., 35 Colo.App. 428, 535 P.2d 237 (1975). However, such a severance can be accomplished only by clear and unambiguous language. Clevenger v. Continental Oil *868 Co., 149 Colo. 417, 369 P.2d 550 (1962); Corlett v. Cox, 138 Colo. 325, 339 P.2d 619 (1958); Kanarado Mining & Development Co. v. Sutton, 36 Colo.App. 375, 539 P.2d 1325 (1975).
Plaintiffs argue that under Bogart v. Amanda Consolidated Gold Mining Co., 32 Colo. 32, 74 P. 882 (1903), the words "all of the surface of" are not sufficiently clear and unambiguous to effect a severance, and that rules of construction favoring the grantee require the conclusion that the entire surface and subsurface estate was conveyed to Read and to each of her successors in title.
However, we find Bogart inapplicable. It is true that the Bogart deed conveyed only "the surface grounds," and that despite this language the Supreme Court found that certain subsurface interests were also conveyed. The key to that conclusion, however, was the fact that the grantor not only conveyed "the surface," but also reserved to himself certain mineral veins "passing through the surface." Since there would be no reason for the grantor to reserve a portion of the subsurface if only the surface were conveyed, the court construed the deed as conveying the surface and all of the subsurface except the reserved veins.
Here, we have no such extrinsic facts. The language of the deed was clear, and nothing in the record indicates that Holford intended to convey anything more than the surface. Accordingly, the trial court was correct in finding that the Read-Holford deed operated as a severance, and that plaintiffs have no interest in the subsurface.

II.
Plaintiffs also argue that the trial court erred in joining the State of Colorado, and that had the State not been joined they would have been entitled to a default judgment, their failure to prove a prima facie case notwithstanding.
However, since Holford and the other individual defendants were served by publication, no default judgment could have been entered in plaintiffs' favor without plaintiffs making some showing of their right to the subsurface. C.R.C.P. 55(f). As discussed above, no such showing was possible. Thus, we do not answer the question of whether the State had standing in this action, since even if its joinder was improper, any error was harmless. C.R.C.P. 61.

III.
Instead of merely dismissing plaintiffs' action on the ground that they failed to make out a prima facie case, the trial court affirmatively quieted title in Holford, who had defaulted. This was error.
Although we are not aware of any existing law on this rather unusual point, we believe that C.R.C.P. 105 was not intended to permit courts to quiet title in defaulting defendants. As we pointed out in Webermeier v. Pace, Colo.App., 552 P.2d 1021 (1976), aff'd, Colo., 563 P.2d 950 (1977), if a plaintiff fails to establish his own title, he is in no position to force non-defaulting defendants to adjudicate the status of their claims.
We believe the Webermeier rationale applies with added force to this situation. A contrary rule would pose unacceptably high risks of collusion. Since Holford was in no better position than any of the other defaulting defendants, except that evidence presented by plaintiffs happened to support his claim, the court erred in quieting title in him, and it should have dismissed the action, leaving Holford, his heirs, the State and all predecessors in title in the same position they were in before plaintiffs' action.
The judgment quieting title in Holford is reversed, and the cause is remanded to the trial court with instructions to dismiss plaintiffs' claim.
COYTE and ENOCH, JJ., concur.