James F. RESER, Plaintiff-Appellant,

v.

ASPEN PARK ASSOCIATION, an unincorporated association, and their successors and beneficiaries; Mrs. M.H. Brand, individually and as trustee for Aspen Park Association; State of Colorado; Stirling Cooper; Theo Cooper, individually and as trustee for Aspen Park Association; Theodore Cooper, individually and as trustee for Aspen Park Association; Theodore Cooper, Jr.; Richard D. Lewis; John I. Parks, individually and as trustee for Aspen Park Association; J.T. Parsons, individually and as trustee for Aspen Park Association; John I. Parsons, individually and as trustee for Aspen Park Association; W.H. Twining, individually and as trustee for Aspen Park Association; W.H. Twinning, individually and as trustee for Aspen Park Association; F.D. Willoughby, individually and as trustee for Aspen Park Association; All Unknown Persons Who Claim Any Interest In the Subject Matter of This Action, Defendants-Appellees.

No. 84CA0376.

Colorado Court of Appeals, Div. III.

March 20, 1986.

Rehearing Denied April 10, 1986.

Clark, Wright & Schumacher, Gary A. Wright, Allen H. Adger, Aspen, for plaintiff-appellant.

Hawley & VanderWerf, Kirk B. Holleyman, Gregory N. Fiske, Denver, for defendant-appellee Richard D. Lewis.

No appearance for other defendants-appellees.

VAN CISE, Judge.

Plaintiff, James F. Reser, brought this action under C.R.C.P. 105, seeking to quiet title in himself in a .4 acre tract of land near Aspen. All of the named defendants except defendant Richard D. Lewis were in default or disclaimed. The trial court found that Reser was the owner of an undivided two-thirds of the property and that defendants Theodore Cooper and John I. Parsons, individually and as trustees of Aspen Park Association, each owned an undivided one-sixth interest, and it quieted title in accordance with this finding. It also held that Lewis had no title interest in the property and no rights by adverse possession.

Reser moved to amend the decree to delete the part pertaining to the title interests of defaulting defendants Cooper and Parsons. Lewis opposed the motion. The court denied the motion as untimely and awarded Lewis his attorney fees incurred in opposing the motion. Reser appeals. We affirm in part and reverse in part.

The case was tried to the court, and it entered its "Findings of Fact, Conclusions of Law and Judgment" on May 20, 1983. The court directed that a separate decree quieting title be prepared by Reser's counsel. Cross-motions to alter and amend were filed, and, except for one amendment, the motions were denied on September 2. On November 29, the court signed the decree in the form presented by Reser's counsel.

On December 13, new counsel for Reser filed a second motion to alter and amend, on the additional ground that the court had erred in its November 29 decree in finding that Cooper and Parsons were the owners of an undivided one-sixth interest each and in quieting the title in them as to those interests. Claiming, *inter alia*, that Reser's motion was untimely, Lewis filed memoranda in opposition and, in addition, a

380

motion for attorney fees incurred in responding to the motion. The court denied Reser's motion on the ground that the May "Findings of Fact, Conclusions of Law and Judgment" was a final judgment and that the November decree was merely a ministerial act. It granted Lewis' motion for attorney fees, finding that Reser's motion was groundless.

Reser contends that the trial court erred in denying his December 13 motion. We agree. Inasmuch as the trial court in May directed the preparation of a separate quiet title decree, there was no final judgment until that decree was signed November 29. *See* C.R.C.P. 58(a). Therefore, the motion to alter or amend was filed in time and should have been considered on its merits.

Moreover, we agree with Reser's contention that the motion should have been granted on its merits. In *Osborne v. Holford,* 40 Colo.App. 365, 575 P.2d 866 (1978), this court held that a trial court cannot quiet title in favor of a defaulting party even when, as here, the evidence presented by an appearing party supports the defaulting party's title interests. *Osborne* is dispositive. The May 23 "Findings of Fact, Conclusions of Law and Judgment" as amended in its September 2 "Order" and the November 29 "Decree" should be amended to delete any finding or conclusion as to the one-third interest which the record established was not owned by Reser.

Also, in view of the above, we concur in Reser's contention that the trial court erred in awarding Lewis his attorney fees. Contrary to the trial court's ruling, Reser's motion was well grounded and should have been granted. Lewis' motion for his attorney fees in defending this appeal is also denied.

Even if we assume that Lewis had standing to oppose Reser's motion, we reject Lewis' arguments for affirmance. That Reser's evidence supported the defaulting defendants' title interests, or that he stipulated to the court's finding concerning those interests, does not change the result in this case. *Osborne v. Holford, supra.*

The ground for reversal was raised in Reser's timely December 13 motion. And, Reser is not estopped from protesting the decree since, in preparing it, he merely obeyed the trial court's May 20 directive.

The portion of the May 23 judgment and the November 29 decree quieting title in Reser to an undivided two-thirds of the property is affirmed and the portion quieting title to the remaining one-third is reversed. The judgment for Lewis' attorney fees is reversed. The cause is remanded for the entry of new findings, conclusions, and judgment and decree consistent with this opinion.

KELLY, J., concurs.

METZGER, J., dissents.

METZGER, Judge, dissenting.

I respectfully dissent.

A quiet title action is a proceeding *in rem,* and its purpose is to quiet the title to all of the property. *See* C.R.C.P. 105(a). Therefore, in my view the trial court was correct, and I would not follow this court's holding in *Osborne v. Holford,* 40 Colo. App. 365, 575 P.2d 866 (1978).