## MUNRO *v.* KING.

1. Duplicity in a pleading is bad upon special demurrer.

2. A contemporaneous written agreement executed by the payee of a promissory note, showing a contingency upon which the payment of the note is to depend, is admissible in evidence under the general issue in an action on the note by an indorsee after maturity, against the maker.

3. Failure or want of consideration must be specially pleaded in an action on a promissory note.

*Appeal from Probate Court of Clear Creek County.*

THIS was an action in assumpsit on a promissory note, by King, the defendant in error, as indorsee, against Munro, the plaintiff in error, as maker. The declaration consisted of a special count in the usual form, and the money counts. The defendant pleaded the general issue, and a special plea of want of consideration. The plaintiff demurred to the special plea, the demurrer was sustained, and the defendant took leave to amend. Under the rule to amend, 'the defendant filed three special pleas, of these the second and third were stricken out on motion, and the plaintiff demurred to the fourth. Special causes of demurrer to this plea, and among them duplicity, were assigned, "in that the plea alleges that the payee did not convey the property therein mentioned, and then avers that he had no title to convey." The demurrer was sustained and the defendant elected to stand by his plea. The cause stood for trial on the general issue.

Upon trial had before the court, the plaintiff introduced in evidence a promissory note for $700, dated January 10, 1874, payable to the order of Frank Fuqua, ninety days after date, without interest, and signed by Munro, the plaintiff in error.

Morsman, a witness for the defendant, testified that he saw the note, two weeks after it was given, and again on the 3d day of May, 1874, both times in the hands of Fuqua, the payee, and "at neither time were there indorsements in writ-

ing on the back of the note." Munro, the plaintiff in error, testified that he had given the note to Fuqua, at the time of its date. He also proved the execution and delivery on the same date of an instrument of which the following is a copy:

"This agreement made by and between Wm. Munro and Frank Fuqua is to the effect that, Whereas, Wm. Munro has this day made and delivered to Frank Fuqua his promissory note for the sum of $700, for a certain interest in and to the Treasure Vault, Gilman, Glendale and Decatur lodes, all of which are located in Park county, except the Glendale lode, which is located in Summit county, Colorado Territory, and it is agreed and understood by the parties hereto that the said note is payable when the said lodes are sold and not until said lodes are sold.

GEORGETOWN, *Jan'y* 10*th*, 1874.          FRANK FUQUA.

This agreement being offered in evidence by the defendant, was objected to as not being admissible under the pleadings; the objection was sustained and the defendant excepted. The defendant then offered to prove want of consideration and "that the note in question was executed and delivered by witness to Fuqua, payee, because of certain representations made by said Fuqua to him at the time the note was so executed and delivered that he (Fuqua) held an interest with Dewey C. Dorn in certain lodes of silver bearing mineral, and that he (Fuqua) assigned and released his pretended interest to said witness, and that said Fuqua pretended so to do, and at that time said Fuqua well knew that he had no interest in said lodes and that each and every representatation by him so made was false to his knowledge; and that said witness relied upon the truth of said statements when he made and executed said note."

The offer was objected to, the objection sustained and the defendant excepted. The plaintiff had judgment for $700, and the defendant having duly reserved his exception thereto, prosecutes his appeal to this court

Messrs. POST & COULTER, and Mr. W. S. ROCKWELL, for appellant.

Messrs. TAYLOR & YATES, for appellee.

WELLS, J. 1st. The 4th plea of the defendant is double, and the demurrer was properly sustained. *Meriwether* v. *Smith*, 2 Scam. 30.

2d. The written agreement of January 10th, 1874, between Munro and Fuqua was erroneously excluded. It was affirmatively shown to have been executed cotemporaneously with the note, which was the foundation of plaintiff's action. As between the original parties, therefore, the stipulations of this writing enter into and become a part of the terms of the promissory note. Byles on Bills, 98*. Their effect is to prescribe a contingency until the happening of which, no action can be maintained.

The testimony of Morsman sufficiently evidences that the indorsement to plaintiff occurred subsequent to the day of maturity expressed in the note; plaintiff is therefore affected by the collateral contract, and the *action is subject to the same defenses as if payee were plaintiff.* The action was prematurely brought, and this is available under the general issue. Gould's Pl., ch. V, §§ 137-8.

3d. The evidence offered to show failure or want of consideration was properly excluded. *Patterson* v. *Gile*, 1 Col. 200.

The judgment of the court below is reversed with costs.

*Reversed.*