[No. 1579.]

MULLIGAN v. SMITH.

1. BILLS AND NOTES—PLEADING AND PROOF—CONSIDERATION.

In an action upon a promissory note which stated on its face that it was not to be paid until a patent was obtained to a certain piece of land, and that the consideration of the note was services rendered and to be rendered by the payee in procuring patent, it was incumbent on plaintiff to allege and prove the performance of the services for which the note was given.

2. SAME—NONSUIT.

In an action upon a note that showed upon its face that its consideration was for services rendered and to be rendered, where plaintiff introduced his note and rested, without offering any proof of the performance of the services for which it was given, it was erroneous for the court to refuse the defendant's motion for a nonsuit.

3. BILLS AND NOTES—CONSIDERATION—PLEADING AND PROOF.

In an action upon a note that recited on its face that the consideration was services rendered and to be rendered, where the defendant answered alleging what the services for which the note was given were to be and within what time they were to be performed, and alleging that at the time the note was given no services had been performed and that no services ever were performed by the payee, the answer alleged a defense, and it was error to refuse to permit defendant to introduce any evidence to sustain the allegations of his answer.

4. BILLS AND NOTES—NEGOTIABILITY.

A note that states on its face that it is given for services rendered and
    to be rendered in procuring a patent and is not to be paid till the
    patent is procured is nonnegotiable.

*Error to the District Court of Arapahoe County.*

Mr. F. J. MOTT and Mr. GEO. W. TAYLOR, for plaintiff in
error.

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for de-
fendant in error.

THOMSON, J.

This action was brought by George A. Smith against
Thomas A. Mulligan, upon two instruments in writing,
signed by the latter.   The first is in the following form :

"DENVER, COLO., Dec. 17, 1892.
"For value received, I promise to pay on demand, to I. B.
Porter, Two Thousand Dollars, provided, however, that said
Porter shall not demand payment of said sum until the United
States have issued unto me a Patent for the northwest quar-
ter of Section 21, Township 2, south Range 67 west, Arap-
ahoe County, Colorado, the same being the land heretofore
included in my pre-emption entry, and which I have applied
to enter under the Homestead law ; the consideration for
said sum being the services heretofore rendered, or which
may hereafter be rendered by said Porter and counsel em-
ployed by him in defending my rights and securing patent
to said land.                              .
                              "THOMAS MULLIGAN."

The other is exactly the same, except that the amount
promised to be paid is $250.   The complaint set forth the
instruments, and alleged the issuance of patent to the de-
fendant for the land described, the assignment of the papers
to the plaintiff before the commencement of the suit, and the

nonpayment of any part of the money; and demanded judgment for the amount with interest. It was not alleged that any services were rendered for the defendant by Porter, or by any counsel employed by him, after the date of the execution of the instruments. The answer averred that the instruments were executed without any consideration. It also stated that at the time of their execution neither Porter nor any counsel employed by him had rendered any service of any kind, or for any purpose, to the defendant; and alleged, as their consideration, an agreement between the defendant, and Porter and Thomas H. Carter, whereby the latter were to obtain a patent in behalf of the defendant to the land described in the instruments, prior to the 4th day of March, 1893; averring that neither Porter nor Carter nor any counsel employed by them did any work or rendered any service for the defendant in securing a patent, and that the patent was procured solely through the efforts of other attorneys employed by the defendant. The answer was denied by the replication.

At the trial the plaintiff proved the assignment of the papers to himself, and introduced them in evidence. He offered no further proof. When he rested, the defendant moved for a judgment of nonsuit, on the ground that the plaintiff had failed to prove the rendition of any services in consideration of which the promises were made. The motion was denied. The defendant then offered himself as a witness, and his counsel asked him this question: " Will you state whether you had any transaction or dealing with Mr. I. B. Porter, in connection with securing title to the northwest quarter of section 21, township 2, south range 67 west, in 1892, and if so, please state what they were? " Objection was made that the question was immaterial, irrelevant and incompetent, and did not tend to support any issue raised by the pleadings. The objection was sustained. Counsel then asked the following question: " I will ask you whether or not prior to December 17, 1892, Mr. I. B. Porter had rendered you any service whatever in connection with defending your

rights and securing title or patent to the northwest quarter of section 21, township 2, south range 67 west?" The same objection was interposed to this as to the other, and was also sustained. In sustaining the objection the court said: "I do not think you have set up any defense that will entitle you to any evidence whatever in this case. That is why I am ruling on these questions in this way. I don't believe you are entitled to any evidence whatever upon the grounds alleged in your answer. You might have some defense, but not in my opinion under this answer. * * * In my opinion you cannot show want of consideration that would be available under these pleadings." Other evidence was offered in support of the averments of the answer, but it was all refused on the same general grounds. After rejecting every offer of evidence by the defendant, the court directed the jury to return a verdict in the plaintiff's favor for the amount sued for, with interest from the date of issuance of the patent, which was February 13, 1895. Verdict was rendered accordingly, and was followed by judgment, from which error is prosecuted to this court.

We can conceive of no theory upon which this judgment should be allowed to stand. The instruments undertook specifically to set forth the consideration for which they were given. The language in which the consideration is particularized is a limitation upon, and definition of, the general words, "for value received," used at the beginning of the papers. The expression is, "services heretofore rendered, or which may hereafter be rendered." Literally construed it means that one of the two, but not both, was the consideration of the instruments. Certainly, without aid from some source, a court could not determine which was intended as the consideration, and, saying nothing of the effect of the uncertainty upon the papers themselves, at least some sort of averment in the complaint was necessary to clear up the ambiguity. But counsel for the plaintiff have relieved us of embarrassment in relation to the meaning of the language. They say: "The notes recite that the con-

sideration was the services rendered *and* to be rendered by said Porter and counsel that might be employed by him." They thus construe the particle "or" as "and," and we think they are right. We shall accept their construction, and discuss the questions presented upon their theory.

The consideration, therefore, was service already rendered and services to be rendered thereafter. Part of the consideration was something yet to be done by Porter. To enable one party to a contract, containing mutual covenants, to enforce it against the other, he must plead and prove complete performance on his part, or facts which are equivalent to performance. On the face of these papers it appears that the consideration of the promises to pay consisted of acts done, and acts to be done, by Porter. What he had done was not sufficient. The notes, if the instruments may be properly so designated, were not given in consideration of that alone. It was what he had done, and what he was to do, that, together, constituted the consideration. The cause of action was indivisible. There could be no apportionment of the promises, or of the consideration, so as to allow a partial recovery. In a proper action Porter might have been entitled to judgment for the value of his prior services, but not in an action on the notes. His right to recover upon them depended, in addition to services already performed, upon the rendition by him of services after their execution. What the services were to be does not appear from the notes. But a written contract is simply the putting into permanent form of a prior verbal understanding. Those services were necessarily defined in the agreement which resulted in the notes. It was incumbent upon plaintiff to set forth the specific services which had been agreed upon, and aver their performance. There was no allegation in the complaint of the performance of any service by Porter, or at his instance, nor was there the least attempt to prove that any was ever rendered. There was no cause of action stated, and there was a complete failure of proof. The disallowance of the nonsuit was error.

While, from what has been said, it is apparent that the

judgment must be reversed, we deem it proper to examine the rulings of the court in relation to the proofs offered by the defendant. The court's expressed opinion was that the answer stated no defense, and, hence, that under its allegations no evidence, whatever, was admissible. One of the averments of the answer was that, at the time of the execution of the instruments neither Porter nor any counsel employed by him, had in any manner rendered the defendant any service. They expressed the rendition of services by Porter as part of their consideration. Therefore, by them, the defendant acknowledged that Porter had rendered him service of some kind. But we think the acknowledgment must be regarded as in the nature of a receipt. A written admission by one, of the payment of money, or the delivery of property to him by another, is a receipt pure and simple; and a written admission by him of the rendition of services in his behalf by another is exactly the same kind of instrument. The paper, whether it be given for money, property or services, is equally a receipt. Now a receipt is only *prima facie* evidence of the fact it recites, and may be contradicted by oral testimony. 1 Greenl. Ev. § 305; 2 Whart. Ev. § 1064. And where a receipt is incorporated into a promissory note, or into a contract, or a deed, as expressing the consideration, it is still open to explanation the same as if it were in a separate instrument. *Smith v. Holland*, 61 N. Y. 635; *Wilkinson v. Scott*, 17 Mass. * 249, * 257. That no services had been rendered by Porter was properly pleaded, and proof of the fact should have been admitted.

The defendant also alleged, and sought to prove, what, by the agreement of the parties, the services to be rendered were to consist of, and within what time they were to be performed, and, also, that they never were performed. Some such allegation, and some such proof, were necessary to explain the incomplete, and otherwise unintelligible, language of the notes. Porter was to render some service, at some time; but what, or when, must be shown by parol, if shown at all. The proposed evidence would not have had the effect to contra-

dict, vary, or add to, the contract; and it is only evidence which would have such effect that the law excludes. But to an understanding of the language of the papers, an explanation was necessary; the attempted explanation was not inconsistent with the written terms, and hence it was admissible. 1 Greenl. Ev. § 367. The defendant had the right to prove what the services were to be, and when they were to be completed; and having made the proof, to show that they never were performed.

The court seems to have entirely misconceived the case; for its rulings, from its denial of the nonsuit down to its direction of the verdict, were almost uniformly erroneous. The papers were not negotiable instruments, and their transfer to the plaintiff invested him with no greater rights, as against the defendant, than were possessed by his assignor.

The judgment will be reversed and remanded, with leave to the parties to amend their pleadings as they may be advised.

*Reversed.*