No. 12,196.

ABERCROMBIE v. BEAR CANON COAL COMPANY.

Decided June 10, 1929.

Mr. FRANK H. HALL, for plaintiff in error.

Messrs. McHENDRIE & SHATTUCK, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ACTION on a promissory note. In April, 1920, the defendant, The Bear Canon Coal Company, executed and delivered to the plaintiff Abercrombie its promissory note which is in words and figures as follows, to-wit:
"$500.00 Trinidad, Colorado, April 1st, 1920. One year after date we jointly and severally promise to pay to the order of J. J. J. Abercrombie Five Hundred and No/100 Dollars, at The International State Bank, Trinidad, Colorado, with interest at 6 per cent per annum from date until paid, with ten per cent additional on the amount unpaid as attorney's fees if this note is not paid at maturity, and is thereafter placed in the hands of an attorney for collection. * * * * Value received.

This note is issued under special agreement with the company and limited thereby.''

The complaint upon this instrument alleges that this note is not, and was not at the time of its issue, subject to any special agreement of the parties, or in any manner limited thereby, and that there was no agreement at the time of the issue of said note, or prior thereto, other than as shown on the note itself. The defendant filed a motion to strike from the complaint this allegation upon the ground that it purports to deny, and attempts to vary, the express terms of the written contract sued upon, and that such a paragraph is also an attempt on the part of the plaintiff to repudiate a portion of a written contract while relying upon the balance, and that the allegations are inconsistent, ambiguous and unintelligible and constitute an attempt to deny that the contract sued upon was subject to, or limited by, special agreement, and at the same time it purports to allege that there was no agreement at all at the time of the issue of the note, or prior thereto, other than as shown on the note itself, while the note itself specifically shows there was such an agreement which was incorporated in, and made an integral part of, the note by reference. The court sustained this motion and the plaintiff was given five days within which to plead. Thereafter within the specified time the defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, to which the plaintiff excepted and the latter was given time within which to elect whether to stand on his complaint, and he elected to stand upon it, whereupon the court entered judgment dismissing the action at plaintiff's costs. He is here with this writ of error.

■ ■ The ruling on the defendant's motion to strike need not be considered, for we think the complaint was properly subject to the defendant's demurrer. The plaintiff does not cite a single case, or judicial authority

of any character, in support of his contention that the complaint states a cause of action. The reason is obvious because there are no adjudicated cases or judicial text books that, by any possibility of construction, could be considered as supporting his contention. As we read the plaintiff's argument it is an admission that a complaint to recover on a promissory note, which purports to be limited or qualified by some other agreement, must state the conditions of the limited agreement and that they have been complied with. There is no such statement in this complaint. The note as copied in the complaint specifically declares that the note is issued under special agreement and limited thereby. The language of this special agreement is not disclosed by the complaint, but the plaintiff himself asserts that the note is limited thereby.

■ ■ ■ The third paragraph of the complaint that was stricken on the defendant's motion, was, in effect, an attempt by the plaintiff to deny that the note was limited by a special agreement. In *Munro v. King,* 3 Colo. 238, we held that, where an instrument contains an express reference to a contemporaneous agreement, this agreement is thereby made a part of the contract sued upon and the note and the contract under which it is made must be construed together. See also 8 C. J., p. 197, Note 92 and cases cited; Page on Contracts (2d Ed.) p. 3537, §2046; *Solomon Solar Salt Co. v. Barber,* 58 Kas. 419, 49 Pac. 524. This Solomon Salt case is substantially identical in facts with the case at bar. The note there sued upon contained an endorsement on its face that: ''This note is made in accordance with and subject to the terms of a certain letter, dated Sept. 24, 1892.'' The Kansas court, in commenting upon this instrument said that the memorandum written on the face of it made the same an integral part of the plaintiff's cause of action, and the failure of the plaintiff in his complaint to show what terms and conditions it placed

on the note was fatal to his right of recovery, citing 1 Daniel on Negotiable Instruments (4th Ed.), §§149-156; Tiedeman on Commercial Paper, §41a. The Kansas court further held that two instruments executed at the same time, relating to the same subject matter, constitute an entire contract and must be construed together. If there is any difference between the Solomon Solar Salt Company case and the case now under consideration, the latter is still the stronger one for the application of the rule announced in the Kansas case, for here the limiting or qualifying language is a part of the note itself and not a separate writing. . We think, however, there is no difference, in legal effect, between the instrument in the Kansas case and the one now before us. If the instrument filed in the court evidences the contract between these two parties, plaintiff is not entitled to a recovery, in any event, unless he discloses by proper evidence the limiting language. He is not permitted to contradict by parol evidence, the plain, unambiguous written instrument. If the note as declared upon does not express the true contract of the parties and the plaintiff wishes to have it reformed, he cannot, under the pleadings, get such relief in this action. Equity only could in a proper case reform the contract and there is no attempt here to invoke aid of equity.

If a note is conditional, and certainly according to the allegations of the complaint this is a conditional note, no recovery can be had unless the condition has been performed or the performance waived. *Sayre v. Leonard,* 57 Colo. 116, 140 Pac. 196; 8 C. J., pp. 737-739.

A pleading in order to state a cause of action upon a conditional note must set out the condition and a compliance with it on the plaintiff's part or waiver by the defendant. 8 C. J., pp. 865, 866. *Mulligan v. Smith,* 13 Colo. App. 231, 57 Pac. 731. The complaint in this case, not complying with these requirements, was subject to a general demurrer. The court, therefore, prop-

erly sustained the defendant's demurrer and necessarily the judgment, dismissing the action, was right, and it is therefore affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.