## No. 20829.

### E. M. CHRISTMAS, INDIVIDUALLY AND D/B/A
### E. M. CHRISTMAS COMPANY *v.* OLIVE M. COOLEY, ETC.
(406 P.2d 333)

Decided October 4, 1965.     Rehearing denied October 25, 1965.

ADAMS and ABBOT, ALAN N. JENSEN, for plaintiff in error.

BARTLEY and JAGGER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SCHAUER.

THE parties appear here in reverse order to their appearance in the trial court. Plaintiff in error, a real estate broker of Pueblo, Colorado, doing business as an individual and under his firm name, will be referred to as Christmas. Olive M. Patterson, defendant in error, married one Cooley during the course of the proceedings, and for convenience will be referred to as Cooley.

In the fall of 1959, Cooley contacted one E. D. Schlotfeldt, a salesman for Christmas, whose authority to bind his principal in the instant proceedings is admitted by Christmas, with the view to purchasing a summer home in Colorado. The salesman showed her a home in Rye, Colorado, owned by Mr. and Mrs. Robert L. Jensen, and Cooley became interested in purchasing it. On Septem-

ber 23, 1959, the salesman drew up and presented to Cooley a written agreement designated as "Receipt and Terms of Purchase," describing the Jensen property. The agreement was executed by the salesman, as agent for Christmas, and by Cooley, and was accepted by the Jensens, who were the owners of the subject property. At the trial this agreement was received in evidence as Exhibit A, and will be so referred to hereinafter, or referred to as the agreement.

Exhibit A contains the following pertinent provisions, inter alia:

"The total purchase price is $8,250.00, payable as follows: $2,000.00 (Note) hereinabove receipted for, and $6,250.00 *to be financed by agents obtaining the loan at their discretion.* Payments not to exceed $75.00 per month, including 7% interest, on unpaid principal balance, with privilege to pay off entire balance at any time. Purchaser agrees to pay normal loan charges not to exceed 2% of the loan.

\* \* \*

"(2) Conveyance to be made by warranty deed.

\* \* \*

"(5) Special conditions. If agents unable to obtain the above financing this contract becomes null and void, and deposit to be returned." (Emphasis supplied.)

On October 8, 1959, Cooley made the down payment of $2,000 required under the terms of the agreement.

Christmas sought to obtain a loan to finance the payment of the balance of the consideration but was unable to do so. The owners, the Jensens, agreed to carry this balance on a contract basis, with the proposed warranty deed held in escrow. Cooley would not agree to this arrangement, insisting that the balance be represented by a conventional loan. She thereupon demanded the return of her $2,000 down payment. When this was refused by Christmas this action was begun.

Cooley alleged in her complaint the execution of Exhibit A, her payment of $2,000 pursuant to its terms,

the failure of Christmas to obtain the loan therein provided for, his failure to tender a warranty deed as required by Paragraph (2) of the agreement, her demand for the return of the down payment, and the refusal of Christmas to return it in accordance with Paragraph (5).

By his answer, Christmas admitted the execution of the agreement, the receipt of the $2,000, Cooley's demand for its return and his own refusal to make the return. He denied that he had not obtained the loan required by the agreement, and alleged that he did obtain a loan as required by the agreement. In this answer Christmas set forth no matters constituting an avoidance and no affirmative defense.

At a pre-trial conference, the trial court entered an order which was approved by counsel for both parties, the pertinent parts of the order being as follows:

"3. The issues formed by the pleadings and stipulated to by the parties to be determined by the Court are as follows:

"A. Whether or not a loan had been obtained to finance the balance of the purchase price as provided in Plaintiff's Exhibit 'A'.

"B. Whether or not Defendant complied with or offered to comply with Paragraph 2 of said Plaintiff's Exhibit 'A'."

The case was tried to the court on March 15, 1963, resulting in Findings of Fact and Conclusions of Law, and a judgment for the plaintiff in the sum of $2,000, with legal interest from October 8, 1959, and costs of suit. It is to this judgment that the instant writ of error is directed.

The trial court found that Exhibit A was plain and unambiguous, and concluded that Christmas had a reasonable time in which to obtain the loan provided for in the agreement; that Christmas failed to comply with the terms of the agreement, and therefore Cooley was

privileged to declare the agreement null and void and have return of her $2,000 down payment.

In his brief Christmas summarizes his argument for reversal as follows:

"The issue before the Court is whether it was proper for Plaintiff in Error to have introduced into evidence his exhibits 1 through 13, and his offered oral testimony of himself and of Clarice Clute concerning a course of dealing between himself and the Defendant in Error and their respective agents, concerning the working out of the patently and latently ambiguous provisions of the financing of the balance of the purchase price, as contained in Exhibit 'A'."

He then refers to this "Summary of Argument" as an introduction to three subheadings, which we will consider in the order in which they were presented.

"I. Exhibit 'A' contained a provision which was patently ambiguous regarding the exact agreement as to financing; it contained also a latent ambiguity, as brought out on Plaintiff's examination in chief. In either event, Defendant was entitled to introduce parole and extrinsic evidence on the issue."

Christmas therefore concedes that if the provisions are not ambiguous, the trial court properly refused to admit his tendered evidence. It is well established that when the language used is plain, its meaning clear, and no absurdity is involved, an agreement must be declared and enforced as written, for there is then nothing to interpret. *People ex rel. Park Reservoir Company v. Hinderlider, et al.,* 98 Colo. 505, 57 P.2d 894. To ascertain whether certain provisions of an agreement are ambiguous, the language used therein must be examined and construed in harmony with the plain and generally accepted meaning of the words employed and by reference to all the parts and provisions of the agreement and the nature of the transaction which forms its subject matter. *United States Fidelity and Guaranty Company v. The First National Bank of Fort Morgan,*

147 Colo. 446, 364 P.2d 202; *The Pueblo & Arkansas Valley Railroad Company v. Taylor, et al.,* 6 Colo. 1; 12 Am. Jur., Contracts, § 241.

■ The record supports the trial court's determina- tion that Exhibit A was plain and unambiguous. The method of conveyance was to be by warranty deed. Cooley agreed to pay normal loan charges, which is not customary when property is sold under contract for sale. Had their intention been to handle the sale under a contract, with the warranty deed held in escrow instead of delivered as specified in the agreement, it could have been so specified.

The loan has never yet been obtained, nor has the warranty deed been delivered to Cooley, as provided in the agreement. All Christmas offered was a temporary expedient until he could obtain the loan. Now he contends that his offer to handle the transaction under a sales contract was equivalent to obtaining a loan in compliance with Exhibit A. His admitted failure to obtain the loan provided in the agreement, and to deliver the warranty deed provided for, was sufficient to justify Cooley, under Paragraph 5 of Exhibit A, in demanding and obtaining the return of her down payment.

■ In the case of *Globe Bank v. McLean,* 84 Colo. 207, 269 Pac. 9, the court stated:

"* * * Two well established principles governing the interpretation of contracts must be borne in mind: (a) In case of doubt a contract is construed most strongly against him who drafted it. (b) Where a doubt exists as to the proper construction of a given clause, it should be construed in favor of him for whose protection it was obviously inserted. * * *."

These two principles are applicable here and strengthen the ruling of the trial court.

"II. A contractual covenant containing only minimums and maximums is ambiguous per se, and may be explained and made definite by extrinsic and parole evidence."

The attempt to assert the principle here enunciated is not applicable to the facts of this case. He advances the argument that "If a written instrument may be altered orally, it is much truer that written and parole evidence are admissible to explain and make definite the exact intent and meaning of a covenant which, within its terms, leaves open for agreement a variety of different terms, none of which reaches variance."

█ Minimums and maximums are those left to future agreement or determination by the parties. Exhibit A, as determined by the trial court, is not ambiguous in this respect. The purchase price and the amount of the down payment are fixed and the purchaser agrees to pay the proposed loan for the balance of the purchase price in fixed monthly payments, and the loan charges on a fixed basis. The trial court found that the provisions are not ambiguous, per se or otherwise, and with this finding we agree.

"III. When a specific transaction has been embodied exclusively in a single document (all questions of ambiguity aside), subsequent dealings between the parties in connection with the same subject matter are admissible on the questions of alteration, waiver, discharge or novation."

█ This appears to be the argument upon which Christmas chiefly relies. He offered in evidence his Exhibits 1 through 13, as well as the testimony of himself and another, being documents and oral testimony concerning matters subsequent to the execution of Exhibit A, and claimed as evidence on the subjects of alteration, waiver, discharge and novation. The offer was rejected by the court. This refusal is now alleged as error.

At the pre-trial hearing counsel for Christmas admitted that his answer consisted only of a general denial of the allegations of plaintiff's complaint and that he had set out no affirmative defenses. His defenses now alleged, alteration, waiver, discharge and novation, were

waived by his failure to assert them affirmatively in his answer, and any evidence offered in support thereof was properly excluded by the trial court. Rules 8(c), 12(b) and 12(h), R.C.P. Colo. Moreover, the tender was of material not relative to the issues framed by the pleadings, nor within the limits of the pre-trial order which Christmas had approved.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.