No. 22475.

LLOYD J. HARTY, JR. *v.* FRED HOERNER.

(463 P.2d 313)

Decided December 29, 1969.

HINDRY, ERICKSON & MEYER, JAY L. GUECK, for plaintiff in error.

IRELAND, STAPLETON, PRYOR & HOLMES, RICHARD J. SPELTS, KENNETH L. STARR, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

As the plaintiff in the trial court, Lloyd J. Harty, Jr., sought to recover on a promissory note in the amount of $5,000 payable to him and signed by Fred Hoerner, the defendant in error. Hoerner's answer admitted execution and delivery of the promissory note to Harty and non-payment of the note. As a defense, Hoerner alleged he intended to and did execute the note in his capacity as president of Nemrava & Company and that the note in question was, in fact, the corporate obligation of Nemrava & Company and not his personal obligation. There was no wording under the signature on this note

indicating that Hoerner was signing it in his capacity as president of this corporation. However, the promissory note contained the notation "This refers to Subordination Agreement dated 8/9/1963."

During the trial to the court, without a jury, Harty admitted that this notation on the note just opposite Hoerner's signature was placed thereon at the time the note was signed by Hoerner. In his defense, Hoerner offered to introduce Exhibit 1, the Subordination Agreement of August 9, 1963. In addition to the signatures of Harty and Hoerner, the Subordination Agreement also contained the signature of Mr. Bohus Sedlak, another corporate officer of Nemrava & Company.

Harty attempted to block the introduction of Exhibit 1 and also objected to testimony as to the meaning of the notation on the promissory note with reference to Exhibit 1. The trial court ruled that the promissory note was ambiguous because of this notation and allowed the admission of the Subordination Agreement and testimony regarding its relationship to the promissory note.

The Subordination Agreement stated that it was an agreement between Nemrava & Company and Harty; that Nemrava & Company was indebted to Harty in the sum of $5,000; and that Harty desired Nemrava & Company to use the $5,000 as part of its capital. Testimony was later developed to the effect that in order to become a trader for Nemrava & Company, Harty had agreed to invest in Nemrava & Company by loaning it $5,000 and to subordinate himself, as required by the Securities and Exchange Commission, to the general creditors of Nemrava & Company.

█ The only assignment of error which warrants consideration relates to whether or not the Subordination Agreement and testimony concerning its execution were properly admitted into evidence by the trial court. On this issue, the trial court made the following findings of fact and conclusions of law:

"THE COURT FINDS that the promissory note and

subordination agreement were executed simultaneously as parts of a single transaction and must be read together; therefore, the promissory note is subject to the terms of the subordination agreement and

"FURTHER FINDS the liability to plaintiff was that of the corporation, Nemrava and Company, and was not the liability of defendant Fred Hoerner ..."

The trial court thereupon found the issues in favor of Hoerner and entered its judgment dismissing Harty's complaint.

We agree with the trial court's resolution of the issues in this case and therefore affirm its judgment.

■ Where different writings relating to the same subject are executed at the same time between the same parties, a fundamental principle of construction requires they be treated as one and the same instrument. *Gibbs v. Wallace,* 58 Colo. 364, 147 P. 686; *Weston v. Estey,* 22 Colo. 334, 45 P. 367; *Munro v. King,* 3 Colo. 238.

■ *Abercrombie v. Bear Canon Co.,* 86 Colo. 169, 279 P. 42, was an action brought on a promissory note. The note itself contained the allegation: "This note is issued under special agreement with the company and limited thereby." The complaint alleged the note was not subject to any special agreement. The defendant filed a motion to strike that allegation of the complaint on the grounds it attempted to vary the express terms of the note which motion was allowed by the trial court. We reversed the trial court and held, citing the *Munro* case, *supra,* that: "... where an instrument contains an express reference to a contemporaneous agreement, this agreement is thereby made a part of the contract sued upon and the note and the contract under which it is made must be construed together."

In *McCaffrey v. Mitchell,* 98 Colo. 467, 473, 56 P.2d 926, which also dealt with an action brought on a promissory note, we stated:

"... It is true that ordinarily a note is prima facie evidence of an obligation, enforceable as to its legal import, but

when in the hands of the original payee, the way is always open to the maker to prove circumstances showing that the note never was made or delivered with the intention that it should be binding at all events according to its terms, and he may not be foreclosed from showing that the note in effect is no contract at all."

The attempt made here was to show the lack of a contract between Harty and Hoerner and also to show the existence of the contract between Harty and Nemrava & Company. The note here bears the handwritten legend: "This refers to Subordination Agreement dated 8/9/1963." As such, it cannot stand alone as the entire agreement between the parties. Reference must be made to both writings in order to understand the complete transaction and apply the writing. As we view this testimony elicited at trial, it was given for this purpose.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.