In re MARRIAGE OF Elizabeth G. BLAIR, Appellant,

and

Richard J. Blair, Appellee.

No. 81CA0911.

Colorado Court of Appeals, Div. III.

April 29, 1982.

Rehearing Denied May 20, 1982.

TURSI, Judge.

Elizabeth G. Blair (Betsy) seeks reversal of the trial court's order construing a settlement agreement between her and Richard J. Blair (Dick) which had been incorporated into a decree of legal separation and a decree of dissolution. The order denied Betsy reimbursement for payments she made on real property between the time of the separation decree and the dissolution decree. We affirm.

The settlement agreement at issue states in pertinent part:

"*Division of Property.*

(a) So long as the parties shall remain married to each other . . . they shall continue to hold title to all assets currently owned by them or either of them, without change.

*Liabilities.* Dick agrees to pay and to hold Betsy harmless from all encumbrances on real property, as well as claims and demands arising against either of the parties, or both of them, prior to

the entry of the Decree of Legal Separation. The foregoing indemnification by Dick shall not include, however, encumbrances on real property from and after the time such real property is or may be transferred to Betsy."

Betsy claimed that the agreement made Dick responsible for payments on real property until title was actually transferred to her when the decree of dissolution was entered, and that he should reimburse her for payments she made after the separation decree, but prior to the dissolution decree.

The trial court ruled on the basis of the submitted briefs without a hearing. It found that the above paragraph was not ambiguous and that it required that Dick indemnify Betsy for her property related debts until the entry of the decree of legal separation, unless the property had been transferred to Betsy prior to that. We agree with this treatment of the matter.

■ If the meaning of an agreement is clear on its face, there is nothing to interpret and the agreement must be enforced as written. *See Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965). A court should not torture words and phrases to create an ambiguity where the ordinary meaning of the words leaves no room for ambiguity. *Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979). The mere fact that the parties differed as to the interpretation of the agreement does not create an ambiguity, *Radiology Professional Corp. v. Trinidad Area Health Association, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978), and extrinsic evidence will not be admitted to create an ambiguity where none otherwise existed. *David v. Hitti*, 480 P.2d 581 (Colo.App.1970) (not selected for official publication). Thus, we decline to remand for an evidentiary hearing to ascertain the intent of the parties.

■ The agreement limits the liability of Dick to "claims and demands arising against either of the parties, or both of them, prior to the entry of the Decree of Legal Separation." Dick's indemnity obligation pursuant to this provision is further limited by the next provision which terminates the obligation "after the time such real property is or may be transferred to Betsy." Thus, the trial court properly read the unambiguous agreement to mean that Dick's liabilities ended at the time the separation decree was entered.

Order affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.