William E. BLEDSOE, Helen R. Bledsoe, Mary Ann Kerst, Bonnie Lynn Bledsoe, Sara Otillia Bledsoe, a/k/a Sara O'Tillia Bledsoe, and William E. Bledsoe, III, Plaintiffs-Appellees,

v.

Alva J. HILL, Truman L. Lusk, Emma Lou Lusk, Gary C. Hill, Gayla J. Taylor, Glenda K. Hill, Kenneth R. Hill, Melvin Hill, E. Hayes Sieber, Dale Gilbert Seymour, Marilouise Fawley, and Sohio Petroleum Company, a corporation, Defendants-Appellants.

Nos. 85CA0715, 85CA0721.

Colorado Court of Appeals, Div. I.

June 18, 1987.

Rehearing Denied July 23, 1987.

Certiorari Denied Dec. 14, 1987.

Lefferdink Davis & Bullock, John J. Lefferdink, James R. Bullock, Lamar, for plaintiffs-appellees.

Johnson & McLachlan, George McLachlan, Lamar, for defendants-appellants Alva J. Hill, Truman L. Lusk, Emma Lou Lusk, Gary C. Hill, Gayla J. Taylor, Glenda K. Hill, Kenneth R. Hill, Melvin Hill and E. Hayes Sieber.

Warren J. Ludlow, Dallas, Tex., Burns, Wall, Smith & Mueller, George W. Mueller, Lynn Cardey-Yates, Denver, for defendants-appellants Sohio Petroleum Co., Dale Gilbert Seymour and Marilouise Fawley.

KELLY, Judge.

In this quiet title action, the defendants, Alva J. Hill, Truman L. Lusk, Emma Lou Lusk, Gary C. Hill, Gayla J. Taylor, Glenda K. Hill, Kenneth R. Hill, Melvin Hill, E. Hayes Sieber, Dale Gilbert Seymour, Marilouise Fawley, and Sohio Petroleum Company, appeal the summary judgment entered for the plaintiffs, William E. Bledsoe, Helen R. Bledsoe, Mary Ann Kerst, Bonnie Lynn Bledsoe, Sara Otillia Bledsoe, a/k/a Sara O'Tillia Bledsoe, and William E. Bledsoe, III. The defendants contend that the trial court erred in refusing to admit extrinsic evidence to construe two simultaneously executed deeds affecting the mineral rights which are the subject of this lawsuit. We reverse.

In 1904, the United States conveyed a tract of land to the Union Pacific Land Company. In 1910, Union Pacific conveyed the surface rights to George A. Lyon, reserving the mineral rights for itself. In 1919, Lyon gained title to the mineral rights by paying the back taxes. Then, through a series of mesne conveyances, E.D. Seymour acquired title to the property, including the mineral rights.

On November 18, 1940, Seymour conveyed the property to Carl and Josie Main Bledsoe, the plaintiffs' predecessors in interest, by warranty deed which stated that Seymour was conveying the property "subject ... to exceptions, reservations and conditions as to oil, coal and other minerals contained in the deed for the above described land from The Union Pacific Land Company." On the same date, Seymour executed a quitclaim deed conveying to Carl and Josie Main Bledsoe an undivided one-half interest in the oil, coal, and other minerals under the land. On January 8, 1941, both deeds were recorded within minutes of one another, the warranty deed being recorded first. The plaintiffs gained Carl and Josie Main Bledsoe's undivided one-half interest in the mineral rights by subsequent mesne conveyances.

Through another series of mesne conveyances, Seymour conveyed the other undivided one-half interest in the mineral rights

to the defendants. Some of the defendants subsequently granted oil and gas leases to defendant Sohio Petroleum, as well as to other companies which are no longer parties to this action.

The plaintiffs brought this action to quiet title in themselves. They claim that they own 100% of the mineral rights pursuant to the warranty deed executed by Seymour on November 18, 1940. They contend that the exception language in the warranty deed had no effect since, by 1940, Union Pacific had no interest in the mineral rights. Thus, they assert that the warranty deed unambiguously conveyed all of Seymour's rights to their predecessors in title. That being so, they argue that the quitclaim deed was a nullity.

In granting plaintiffs' motion for summary judgment, the trial court found, as a matter of law, that the warranty deed was unambiguous and refused to admit extrinsic evidence, including the quitclaim deed, to determine the intent of the parties. There are two questions to be resolved in this case: First, must the warranty deed and the quitclaim deed be read together, and second, if read together, are they ambiguous? We conclude that both must be answered affirmatively.

■ If a simultaneously executed agreement between the same parties, relating to the same subject matter, is contained in more than one instrument, the documents must be construed together to determine intent as though the entire agreement were contained in a single document. *Harty v. Hoerner*, 170 Colo. 506, 463 P.2d 313 (1969); *City of Westminster v. Skyline Vista Development Co.*, 163 Colo. 394, 431 P.2d 26 (1967). Although it is desirable for the documents to refer to each other, there is no requirement that they do so. *In re Application for Water Rights v. Northern Colorado Water Conservancy District*, 677 P.2d 320 (Colo.1984).

■ Here, the documents are conveyances of an interest in the same property by the same grantor to the same grantees executed and recorded on the same date within minutes of one another. As such,

they fall within the foregoing rules and must be read together.

■ When these deeds are read together, we conclude that there exists an ambiguity. An ambiguity is an uncertainty of the meaning of language used in a written instrument. The question of ambiguity of a document is one of law as to which trial court findings are not binding on a reviewing court. *Littlehorn v. Stratford*, 653 P.2d 1139 (Colo.1982).

■ While the plaintiffs' interpretation of the warranty deed alone is a tenable one, the simultaneous execution of the quitclaim deed conveying a one-half interest in the mineral rights casts doubt upon the warranty deed's meaning. Accordingly, parol or other extrinsic evidence is admissible to assist in the determination of the grantor's intent. *See Alley v. McMath*, 140 Colo. 600, 346 P.2d 304 (1959).

Since questions concerning the intent of the parties to a written instrument implicate factual issues, we conclude that the trial court erred in entering summary judgment for the plaintiffs. *See* C.R.C.P. 56.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and METZGER, JJ., concur.