**Glen C. HUDGEONS and Lois M. Hudgeons, Plaintiffs–Appellants,**

**v.**

**TENNECO OIL COMPANY; Continental Oil Company; Shell Oil Company; Lynn M. Nash; Sabine Production Company; Tierra Petroleum Company; Eugene Sungy; Edwin L. Cox; Berry R. Cox; Kenneth E. Tompkins; Richard M. Whitaker, II; Jeffrey L. McManus; Thomas Stewart; Edwin L. Cox and Berry R. Cox, Trustees for Gary L. Ahrens; James E. Anderson; Continental Illinois National Bank and Trust Company of Chicago; C.J. Gibson and Kimberly McKean; Lae Energy; Valley View Energy Corporation; Texas Petroleum Partners; and Shirley Hasty as County Treasurer for the County of Dolores, State of Colorado, and all unknown persons who claim any interest in the subject matter of this action, Defendants–Appellees.**

No. 88CA1567.

Colorado Court of Appeals, Div. III.

Feb. 8, 1990.

Rehearing Denied April 19, 1990.

Certiorari Denied Sept. 10, 1990.

Gersh & Danielson, Luke J. Danielson, John C. Long, Denver, Stephen Muse, San Antonio, Tex., for plaintiffs-appellants.

Holme Roberts & Owen, Marla J. Williams, Steven B. Richardson, Thomas H. McCarthy, Jr., Denver, for defendants-appellees Tenneco Oil Co., Conoco Oil, Shell Oil Co., Sabine Corp., Lynn M. Nash, Edwin L. Cox, Berry R. Cox, Valley View Energy Corp. and Texas Petroleum Partners.

Stutz, Dyer & Miller, R. Gregory Stutz, Paul G. Urtz, Denver, for defendant-appellee Eugene Sungy.

**Opinion by Judge MARQUEZ.**

Plaintiffs, the Hudgeons, sought to quiet title to the ownership of carbon dioxide under their land. The trial court denied plaintiffs' motion for summary judgment and granted summary judgment to defendants, Tenneco Oil Company, et al. Plaintiffs appeal, and we affirm.

The facts underlying this action are not in dispute. On October 21, 1939, John McLean conveyed, by a warranty deed, all of his interest in a certain parcel of real estate to one H.L. Bigler, "[e]xcept all oil, and gas rights which ... [McLean] reserve[d] to himself, his heirs or assigns." Plaintiffs' title is derived from the interest Bigler received under this conveyance, and defendants' right to the oil and gas is derived from the interest retained by McLean.

Sometime after McLean's conveyance to Bigler, carbon dioxide was discovered in the vicinity of the property. Plaintiffs brought suit seeking to quiet title to all the minerals on their land, other than oil and gas rights, and specifically requested that they be declared the owners of any carbon dioxide found in their land.

On cross-motions for summary judgment, the trial court found that the reservation by McLean in his deed to Bigler of all oil and gas rights reserved carbon dioxide. The court therefore denied plaintiffs' motion and granted defendants' motion for summary judgment, and this appeal followed.

■ Rights in oil and gas can be severed from surface rights and the two interests may thereafter be separately conveyed. *Osborne v. Holford*, 40 Colo.App. 365, 575 P.2d 866 (1978). At issue here is whether the carbon dioxide was conveyed to Bigler, and hence to plaintiffs, or whether it was expected from the grant and remained in McLean and his successors.

**A.**

Plaintiffs assert that the word "gas," as used in this deed, means only "natural gas," that carbon dioxide is not "natural gas," and that as a result McLean retained only the rights to "natural gas," and not carbon dioxide. Alternatively, plaintiffs argue that the word "gas" is ambiguous and that such an ambiguity is to be read in favor of the grantee, Bigler, and his successors. We disagree with both contentions.

■ It is true that if there is an ambiguity in the terms of an instrument reserving oil and gas rights, then the construction must favor the grantee. *Clevenger v. Continental Oil Co.*, 149 Colo. 417, 369 P.2d 550 (1962). However, McLean's exception of all gas rights from the conveyance to Bigler is not, as a matter of law, ambiguous.

An ambiguity is an uncertainty of the meaning of language used in a written instrument, including a deed, and the question of ambiguity is one of law. *Bledsoe v. Hill*, 747 P.2d 10 (Colo.App.1987). If the language of the excepted interest is plain, its meaning clear, and no absurdity is involved, it must be enforced by the court as written. *Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965).

■ We will not torture words and phrases to create an ambiguity where the ordinary meaning of the words leaves no room for ambiguity. *In re Marriage of Blair*, 649 P.2d 344 (Colo.App.1982). Also, the fact that the parties have different opinions about the interpretation of the deed does not of itself create an ambiguity. *In re Water Rights of May*, 756 P.2d 362 (Colo.1988).

■ We are not uncertain as to the meaning of the term "gas," as used within this deed. *See Amoco Production Co. v. State*, 751 P.2d 379 (Wyo.1988) (no ambiguity in the meaning of "gas" as used in excise tax statute and term encompasses all gas including carbon dioxide). "Gas" is a substance that exists in a gaseous or rarefied state under standard temperature and pressure conditions. *See* 30 C.F.R.

§ 206.151 (1989). The trial court found, and plaintiffs concede on appeal, that carbon dioxide is a gas when it is at normal atmospheric pressure and temperature.

The deed states that "*all* oil, and gas rights" (emphasis added) were excepted from the conveyance to Bigler. There is nothing in the deed that removes carbon dioxide, or any other gas, from the scope of this exception. *See Northern Natural Gas Co. v. Grounds*, 441 F.2d 704 (10th Cir.1971), *cert. denied*, 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1971), *reh'g denied*, 404 U.S. 1065, 92 S.Ct. 732, 30 L.Ed.2d 754 (1972) (absent specific reservation, the grant of gas covers all components of gas, including non-hydrocarbon helium); *Navajo Tribe of Indians v. United States*, 364 F.2d 320 (Ct.Cl.1966) (a grant of "all the oil and gas deposits" included helium).

"All" is an unambiguous term and means the whole of, the whole number or sum of, or every member or individual component of, and is synonymous with "every" and "each." *O'Brien v. Village Land Co.*, 780 P.2d 1 (Colo.App.1989). Accordingly, each and every type of "gas," including non-hydrocarbon gas, was retained by McLean. Thus, as used here, the exception of "all oil, and gas rights" included carbon dioxide. *See Libby v. De Baca*, 51 N.M. 95, 179 P.2d 263 (1947); *Amoco Production Co. v. State, supra.*

### B.

In addition, while generally issues relative to a party's intent cannot be resolved by summary judgment, *Gulf Insurance Co. v. State*, 43 Colo.App. 360, 607 P.2d 1016 (1979), it is only when the exception or reservation is ambiguous in the first instance that the parties' intention becomes open to interpretation. *Radke v. Union Pacific R.R.*, 138 Colo. 189, 334 P.2d 1077 (1959).

In view of our conclusion that McLean properly excepted the carbon dioxide from the conveyance to Bigler, we need not decide plaintiffs' remaining contentions.

Hence, summary judgment in favor of defendants was proper.

Judgment affirmed.

STERNBERG and PLANK, JJ., concur.