**UNITED STATES of America, Plaintiff–Appellee,**

v.

**GOODRICH FARMS PARTNERSHIP, Defendant–Appellant.**

No. 91–1088.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1991.

---

Hans W. Johnson and Scott C. Brown of Johnson, Oldham & Angell, P.C., Denver, Colo., for defendant-appellant.

Barry M. Hartman, Acting Asst. Atty. Gen., Michael J. Norton, U.S. Atty., and Chalk S. Mitchell, Asst. U.S. Atty., Dist. Colo., Jacques B. Gelin and Robert L. Klarquist, Attys., Dept. of Justice, Environment & Natural Resources Div., Washington, D.C., for plaintiff-appellee.

Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The United States brought an action for declaratory relief to quiet title to certain Colorado lands. The defendant brought a cross-complaint requesting that title be quieted in it. On cross-motions for summary judgment, the trial court granted the United States' demand for quiet title. The essence of the dispute is whether a ditch running through the property was conveyed to the United States' predecessor-in-interest to the center of the ditch or only to the bank of the ditch.

The undisputed facts as recited by the trial court in its memorandum opinion and order are as follows:

Prior to July 17, 1962, three brothers, James L. Cook, George E. Cook and George S. Cook as joint tenants, owned a parcel of land in Morgan County, Colorado. Located on the property is a ditch, referred to by the parties as the "Jackson Lake Inlet Ditch." The brothers decided to divide the property, and on July 17, 1962, they executed two deeds, one conveying the northern portion to James Cook and George S. Cook, and the other conveying the southern portion to George E. Cook. In pertinent part, the July 17, 1962 deeds described the property as:

"That part of the North Half (N ½), the Southeast Quarter (SE ¼) and the Southeast Quarter of the Southwest Quarter (SE¼ SW¼) of Section Thirty-three (33), and the South Half (S½) of Section Twenty-eight (28), Township Five (5) North, Range Sixty (60) West of the Sixth (6th) Principal Meridian, *Lying south of the Jackson Lake Inlet Ditch...*."

and

"All that part *lying north of the Jackson Lake Inlet Ditch.*" (Emphasis added).

The meaning of the underlined words constitutes the issue in this litigation.

On April 15, 1975, James Cook and George S. Cook conveyed their interest in

the northern portion to Kenneth V. Dixon, Jr., W. Morgan Oakes and Paul R. Thayer. On June 11, 1975, Dixon, Oakes and Thayer conveyed their interest to the defendant. George E. Cook conveyed his interest in the southern half of the property to the United States on February 4, 1977. To describe the respective properties being conveyed, each conveyance used language similar to that quoted above.

Memorandum Opinion and Order, Jan. 9, 1991, 753 F.Supp. 879.

██ Put simply, the dispute is whether the language of the deed conveys the parcels to the thread of the stream or to the bank only. It has been the settled law of Colorado (whose law governs the decision in this case) since 1897 that if a nonnavigable stream, such as a ditch, is described as the boundary or a monument in a deed conveying land bordered by that non-navigable stream, the conveyance includes the stream's bed to its center. *More v. Johnson*, 193 Colo. 489, 568 P.2d 437, 439 (1977); *Hanlon v. Hobson*, 24 Colo. 284, 51 P. 433 (1897). Under Colorado law, "the intention of the parties to a conveyance is open to interpretation only when the words used are ambiguous." *Radke v. Union Pac. R.R.*, 138 Colo. 189, 334 P.2d 1077, 1088 (1959); *More*, 568 P.2d at 439; *Hudgeons v. Tenneco Oil Co.*, 796 P.2d 21, 22 (Colo.Ct. App.1990). Here, the deed unambiguously uses the ditch as a boundary and therefore, under applicable Colorado law, unambiguously conveyed land to the center of the stream. Accordingly, Colorado law precludes the use of extrinsic evidence to determine the parties' intent.

The trial court corrected granted summary judgment.

AFFIRMED.