# RICHARDSON *v.* BRICKER.

*(Supreme Court of Colorado, December Term, 1883—Appeal from the County Court of Gunnison County.)*

1. EVIDENCE—ORDER OF INTRODUCTION. A party is estopped from taking advantage of an error in the order of introducing evidence, for which he himself is responsible.

2. STATUTE OF LIMITATIONS—NEW PROMISE—CONDITIONS. When a suit is upon a cause of action barred by time, and revived by a new promise, the action is upon the contract created by the new promise, and if such new promise be conditional, the plaintiff is not entitled to recover except upon the performance or happening of such condition, and the burden of proving the same rests upon him.

3. SAME—SAME. A promise to pay "when able," is conditional. It must be construed as referring to financial ability; and in such case this must be averred, and will then be a question of fact for the jury.

HELM, J. We will not determine whether in an action of this kind, without written pleadings, it is error at the trial to allow proof in rebuttal of a new promise after defendant has offered the statute of limitations in bar of the action. It appears from the record, though not from the abstract thereof, that plaintiff attempted to introduce evidence of the new promise, in chief, but that defendant objected, and the Court ruled it out. We think that defendant is estopped from taking advantage of an error, if such it be, in the order of proofs for which he is himself responsible.

Nearly eleven years passed between the maturity of the note and the commencement of suit thereon; plaintiff's action was therefore barred by our statute of limitations, and he could only recover upon proof of a new promise, sufficient in law to revive the debt, or give him a new right of action therefor.

For this purpose but one witness was sworn; his testimony is somewhat ambiguous; he says, in one breath, that there was an unconditional promise to pay at a specified time; and in the next, he admits that defendant promised to pay when "he got the money, or sold his coal land, or became able, or turned in some stock." But upon a careful consideration of his entire testimony, we think if it established anything it is, that the new promise was to pay when able, or to pay on the 30th of the current month provided a sale of some coal land was ef-

fected. No evidence, whatever, was offered by plaintiff to show that at the commencement of the action defendant was able to pay the note, or that he had sold his coal land.

The suit is upon the contract created by the new promise, and, therefore, if such new promise be conditional, the plaintiff is not entitled to recover except upon the performance or happening of such condition, and the burden of proving the same rests upon him. 2 Greenleaf's Evidence, Sec. 440, and note; Wood on Lim. of Actions, Sec. 78, and notes.

If the new promise in this case was to pay the note upon the sale of coal lands, it clearly devolved upon plaintiff to prove such sale; so, also, if the new promise was to pay when able, we think it was plaintiff's duty to establish defendant's ability to do so.

Upon this question, however, there is some conflict of authority. In Illinois, Connecticut, Vermont and New Hampshire it is held that promises to pay "when able," "as soon as possible," "when I can," "as soon as he could," were not conditional. It is said that these phrases following a promise are too uncertain to constitute a condition. *Horner et al.* v. *Starkey*, 27 Ills., 13; *Cummings* v. *Gassett*, 19 Vt., 310; *Norton* v. *Shepard*, 48 Conn., 142; *First Cong. Soc.* v. *Miller*, 15 N. H., 522.

But we think the weight of authority, as well as the better reason, supports the position that the promise to pay "when able" is conditional; of course the expression must be construed as referring to financial ability.

In this case the statutory bar had attached before the alleged new promises were made. The debtor was under no legal obligation whatever to pay the debt. While the indebtedness itself was not cancelled, it could never be collected by judicial proceedings if he saw fit to invoke the statute. Whatever promise he made was entirely voluntary; and authorities universally recognize his right to impose any condition which he might deem proper. By agreeing to pay when able, he practically declared that he would not bind himself unless he then had or should thereafter acquire the means to do so; and it is difficult to understand how it can truthfully or logically be said that his promise was absolute and unconditional; the very language used indicates an intention not to renew the liability, except upon the conditions above mentioned.

It may be hard for the creditor to prove the debtor's financial ability; yet it is not more difficult for him to do this than to prove a great many other conditions which might legally be imposed. This is not a matter left to the debtor's discretion and judgment; his ability to pay is a question of fact for the jury, and that body might find that he was able to do so at the very time he made the conditional promise.

The law regards the creditor as culpable for not enforcing his demand within the statutory period; and the leading authorities are now decidedly against removing the bar of the statute and relieving him from the result of such negligence, except upon clear proof of a new promise, and the performance or fulfillment of the conditions, if any, attached thereto.

See generally upon this subject: 2 Greenleaf's Ev., Sec. 440, and note, *supra;* Wood on Lim. of Acts., Sec. 78, *supra; Mattocks* v. *Chadwick*, 71 Me., 314; *Tompkins* v. *Brown*, 1 Denio, 248; *Bidwell* v. *Rogers*, 10 Allen, 438; *Laforge* v. *Jayne*, 9 Pa. St., 410; *Sedgwick* v. *Gerding*, 55 Ga., 264.

No effort whatever was made to connect the letter offered in evidence by plaintiff, with the particular debt upon which the action was brought. The letter itself does not refer to such indebtedness, except by a strained implication. Considered alone, it entirely fails to establish such a clear and explicit acknowledgment of indebtedness as the law requires to constitute a new promise. It is not necessarily the acknowledgment of any debt whatever; for aught that appears therein, the money promised upon the sale of property, may have been a loan to plaintiff.

It is questionable whether a general admission of indebtedness, however clear, is sufficient if it be not shown unmistakably to relate to the particular demand sued for; unless from the nature of the debt in controversy, or the particular circumstances connected therewith, a legal presumption fairly arises that such debt was referred to. Wood on Lim. of Actions, p. 155 and note 2; *Miller* v. *Baschore*, 83 Pa. St., 356.

But there is no question as to the insufficiency of such a doubtful and equivocal recognition of *any* indebtedness whatever, as is contained in the letter under consideration.

The Court erred in finding upon the evidence adduced that

defendant made a new promise to pay the debt in controversy, sufficient to avert the statutory bar. The judgment resting upon such finding must be reversed, and the cause remanded.

*Reversed and remanded.*

*Thomas, McDougal & Thomas, M. Benedict,* for appellants.

A suit was lately brought against the City of Evansville because of the negligence of its fire department, whereby the property of the plaintiff was destroyed. It appeared that the particular negligence complained of was the use of a baulky horse attached to the hose carriage, and the drinking and carousing of the members of the department. The text-books lay down the following distinction upon the subject of the liability of a municipal corporation for the acts and defaults of its servants: In the exercise of private franchises which are often bestowed upon municipal corporations, they are liable, like other individuals, for the acts and defaults of their servants, even though not appointed by themselves. But whilst it is administering the discretionary powers of government belonging to it, such a corporation enjoys the exemption of government from responsibility for its own acts and the acts of its corporate officers. Hence it is liable for any defaults of its officers in the management of a small-pox hospital established by the city; or for not removing obstructions from streets (at least it was so at common law.) But on the other hand it is liable for the neglect of its agents in connection with gas works or bridges. The case of *Robinson* v. *City of Evansville*, 87 Ind., 334, *supra*, seems to consider the working of the fire department as a govermental function and not a private franchise, and therefore the city is held not answerable for its agents' neglect. In Kentucky this question was passed on in *Greenwood* v. *Louisville*, 13 Bush, 226, where it was held that plaintiff could not recover of the city for personal injuries received by her through the fast and dangerous driving of an engine in going to a fire, the city being required by law to establish and maintain a fire department. And in *Patch* v. *Commonwealth*, 17 B. Monroe, 728, a city is not responsible to the owner of property consumed by fire on the ground that it failed to keep cisterns filled with water, and fire hooks, etc., whereby the fire might have been extinguished. —*Kentucky Law Reporter.*