Opinion by
Mr. Justice Frantz.
Hart sued Sanders on the following instrument:
“Received of Malcolm F. Hart Ten Thousand (10,000) shares San Juan Uranium stock at 180 per share to be paid for when sold by the undersigned Mr. Ronald Sanders.
/s/ Ronald G. Sanders RONALD SANDERS
Dated: 3-24-56”
It was alleged in the complaint that representations were made regarding payment different from the conditions set forth in the quoted document. Testimony to sustain the allegation was received over the objection of Sanders on the theory that the maturity provision was sufficiently uncertain to bring the case within the exception to the parol evidence rule that evidence is admissible to resolve ambiguity in an instrument.
Judgment favorable to Hart was entered at the conclusion of the case. Because the instrument in respect of maturity of obligation was unambiguous, and because there was a failure to prove that the obligation had matured as provided, Sanders asks us to reverse with directions to enter judgment in his behalf.
In Richardson v. Bricker, 7 Colo. 58, 1 Pac. 433, 49 Am. Rep. 344, this court construed a defendant’s promise to pay when “he got the money or sold his coal land, or became able, or turned in some stock.” The court said that “the plaintiff is not entitled to recover, except upon the performance * * * of such condition, and the burden of proving the same rests upon him.” Further that if the promise “was to pay the note upon the sale of coal lands, it clearly devolved upon plaintiff to prove such sale; so, *135 also, if the * * * promise was to pay when able, we think it was plaintiffs duty to establish defendant’s ability to do so.” See Hathaway v. Bottenfield, 73 Colo. 357, 215 Pac. 864.
In Munro v. King, 3 Colo. 238, the court, in considering the words, “it is agreed and understood by the parties hereto that the said note is payable when the said lodes are sold and not until said lodes are sold,” announced that, “their effect is to prescribe a contingency until the happening of which, no action can be maintained.”
Consistent with the views expressed in these decisions, we hold that the document clearly fixed the time when Sanders became obligated to pay, and that was when the stock was sold by him. The happening of this contingency would create the legal obligation to pay.
Since payment was to become obligatory upon the sale of the stock by Sanders, testimony varying the terms thereof should not have been received. A judgment based upon such parol testimony and in violation of the express condition of the contract cannot stand.
Not having pled nor proved the event which ripened the obligation, the action should have been dismissed. Performance of the condition which created the matured obligation was essential to Hart’s case; the burden of proving it was on him. Richardson v. Bricker, supra.
The judgment is reversed with directions to dismiss the action.
Mr. Justice Sutton and Mr. Justice McWilliams concur.